UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.:  2:23-cv-328-SPC-NPM

ROSEMARY OWEN,

    Plaintiff,

vs.

CAB EAST, LLC, d/b/a FORD
MOTOR CREDIT COMPANY, a
foreign Limited Liability Company,

    Defendants.

_____/

## DEFENDANT CAB EAST LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4, Defendant Cab East LLC[1] ("Cab East") hereby moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction[2], and respectfully requests that this Court enter an order (1) compelling Plaintiff Rosemary Owen to submit to binding arbitration for her claim against Cab East and (2) stay proceedings in this Court pending the completion of arbitration.

---

[1] Plaintiff improperly named the Defendant as Cab East, LLC d/b/a Ford Motor Credit Company LLC. The correct entity name is Cab East LLC.

[2] The Eleventh Circuit considers motions to compel arbitration as Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See Rojas Mamani v. Sanchez Berzain*, 636 F. Supp. 2d 1326, 1329 (S.D. Fla. 2009).

## INTRODUCTION AND BACKGROUND

Plaintiff's claim against Cab East should be arbitrated. On July 27, 2019, Plaintiff entered into a Florida Motor Vehicle Lease Agreement ("MVLA" or "Agreement") with Coconut Creek Lincoln, the lessor, to lease a 2019 Lincoln MKZ. [ECF No. 1-2]. The finance company named in the MVLA is Lincoln Automotive Financial, and the holder named in the MVLA is Cab East LLC. *See id.*

The MVLA includes provisions wherein Plaintiff agreed to arbitrate all claims related to the Agreement, and Plaintiff cannot avoid that agreement to arbitrate. More specifically, the MVLA included an arbitration provision formatted in bold, underlined letters, advising Plaintiff to "**READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY**[.]" [ECF 1-2 at p. 3]. Under this heading, the Agreement explains that "[e]ither you or Lessor/Finance Company/Holder ('us' or 'we') (each, a 'Party') may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration." *Id.* The Agreement then goes on to explain that a variety of claims are subject to arbitration, including but not limited to:

> 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope or validity of this provision, or arbitrarily of any issue except for class certification; 3) Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship

with third parties who do not sign this contract.

*Id.* Overall, the MVLA maintains that any arbitration under the Agreement "is subject to the Federal Arbitration Act (9 U.S.C. § 1, et seq.)." *Id.* Additionally, on the first page of the Agreement and just above Plaintiff's signature, it states in bold, all capital letters: "**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT**." [ECF 1-2 at p. 2].

Here, Plaintiff claims that Cab East violated the Federal Consumer Leasing Act by failing to disclose the fees that would be charged when Plaintiff exercised the purchase option at the end of her lease. [ECF No. 1]. However, Cab East is the long-term lease holder of this Agreement and was not the entity involved in the transaction with Plaintiff to exercise the purchase option at the end of her lease. Cab East maintains that the Agreement did in fact disclose all fees associated with the purchase option at the end of her lease as required under the Federal Consumer Leasing Act. And, rather than Cab East, it was the dealership, TT of Broward, Inc., who assessed the fees owed by Plaintiff to exercise the purchase option, which Plaintiff now claims violated the Federal Consumer Leasing Act.

Despite having agreed to arbitrate disputes related to the Agreement, Plaintiff filed this action, naming only Cab East as the Defendant, whereas the gravamen of the Complaint is alleged wrongdoing by the dealership, TT of Broward, Inc. [ECF No. 1].

Although Cab East maintains that it did not violate the Federal Consumer Leasing Act because the MVLA disclosed all fees relevant to exercising the purchase option at the end of the lease, Cab East asserts that Plaintiff may not avoid arbitration in this matter based on the language in the Agreement. As such, Cab East asks that this Court compel arbitration and to stay proceedings in this Court pending the completion of arbitration.

## ARGUMENT

### I.     The Federal Arbitration Act Favors the Arbitration of Disputes.

The MVLA in this case is governed by the FAA, [ECF No. 1-2]—a statute that implements established federal policy favoring arbitration by requiring that courts enforce applicable arbitration agreements. *See, e.g., Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (reiterating the FAA's "emphatic directions" that arbitration agreements be enforced "according to their terms") (*quoting* Am*erican Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)); *see also John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA…a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute."). By enacting the FAA, Congress intended to allow parties to avoid litigation in favor of arbitration. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).

Since the FAA's enactment, federal policy has strongly favored arbitration.

Valid arbitration agreements should be enforced "notwithstanding any state substantive or procedural policies to the contrary." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (internal quotation and citation omitted). In addition, courts should "construe arbitration clauses generously, resolving all doubts in favor of arbitration." *Becker v. Davis*, 491 F.3d 1292, 1305 (11th Cir. 2007). This is true even where the issue is with the "construction of the contract language itself." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983). Restated, the question is not whether the arbitration agreement is "susceptible of a construction *limiting the duty to arbitrate*…" *Mey v. DIRECTV, LLC*, 971 F.3d 282, 292 (4th Cir. 2020) (internal quotation and citation omitted). Rather, the relevant question is "the opposite: whether the arbitration agreement is susceptible of an interpretation that covers the asserted dispute." *Id.* And the party seeking to avoid arbitration bears the burden of establishing that the agreement in question should not be enforced. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000). In light of these principles, and for the reasons explained below, this Court should compel Plaintiff to arbitrate her claim against Cab East and stay this action pending the outcome of such arbitration. *See* 9 U.S.C. §§ 3, 4.

    **II.**    **Plaintiff Should be Required to Arbitrate her Claim Against Cab East.**

To determine whether a particular dispute must be arbitrated, courts look at (1) whether there is a valid agreement between the parties to arbitrate, (2) whether that

agreement covers the subject matter of the dispute, and (3) whether the right to arbitrate was waived. *See Integrated Sec. Servs. v. Skidata, Inc.*, 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009). Here, a valid arbitration agreement exists, the Agreement encompasses Plaintiff's claim against Cab East, and Cab East has not waived its right to arbitrate; therefore, Plaintiff should be required to arbitrate her claim against Cab East.

### A. A valid arbitration agreement exists.

As explained above in the Introduction and Background section, Plaintiff entered into the MVLA which requires the arbitration of disputes. [ECF No. 1-2]. The validity of an agreement to arbitrate is assessed under "ordinary state-law principles" of contract formation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-76 (1989) (instructing courts to apply "general state-law principles of contract interpretation" while giving "due regard" to the "federal policy favoring arbitration" so that "ambiguities as to the scope of the arbitration clause itself [are] resolved in favor of arbitration").

When leasing her vehicle, Plaintiff signed the MVLA. [ECF No. 1-2]. She is therefore presumed to know the contents of the Agreement, including the arbitration provisions contained therein. *See Benoay v. E.F. Hutton & Co., Inc.*, 699 F. Supp. 1523, 1529 (S.D. Fla. 1988) ("A party who signs an instrument is presumed to know its

contents."). Plaintiff cannot now "avoid [her] obligations" under the Agreement she signed "by alleging that [she] did not read the contract, or that the terms were not explained to [her], or that [she] did not understand the provisions." *Id.*; *see also Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1302, 1308-09 (M.D. Fla. 2010); *Falcon v. CarMax Auto Superstores, Inc.*, No. 18-20268-CV, 2018 WL 3699336, at *4 (S.D. Fla. May 18, 2018) (plaintiffs who executed a motor vehicle sale contract could not avoid arbitration by alleging they did not read or understand the provision), *report and recommendation adopted*, 2018 WL 3696742 (S.D. Fla. June 12, 2018). In short, Plaintiff entered into a valid agreement to arbitrate when leasing her 2019 Lincoln MKZ and signing the MVLA on July 27, 2019.

### B. The MVLA encompasses Plaintiff's claim against Cab East.

The next element to determine whether a particular dispute must be arbitrated—whether the arbitration provisions encompass the subject matter of the dispute—is also satisfied here. *See Integrated Sec. Servs.*, 609 F. Supp. 2d at 1324. First, the express language of the MVLA allows Cab East to compel arbitration, and second, the MVLA's arbitration provision is expansive and encompasses the specific dispute alleged by Plaintiff against Cab East. [ECF No. 1-2].

Cab East falls within the scope of, and can enforce, the arbitration provision in the MVLA. The Agreement provides for arbitration of "[c]laims between you and us," and "us" is defined to include the "Holder," which is Cab East in this case. [ECF 1-2

Page **7** of **10**

at p. 3]. As such, the express language in the MVLA entitles Cab East to compel arbitration.

Additionally, the scope of the arbitration provision in the Agreement is expansive as it encompasses claims "arising out of or relating to" the contract in general. [ECF 1-2 at p. 3]. Under Florida law, the terms "arising out of or relating to" are considered "broad in scope and apply to the claims that are described as having a significant relationship to the contract…" *Leidel v. Coinbase, Inc.*, 729 F. App'x 883, 887 (11th Cir. 2018) (internal quotation and citations omitted). The Agreement also contemplates that how a plaintiff labels a claim does not affect the availability of arbitration. [ECF 1-2 at p. 3 (MVLA providing for arbitration of "[c]laims in contract, tort, regulator or otherwise")].

Given the broad terms of the arbitration provision in the MVLA, there is a nexus between the arbitration provision and this dispute. *See Vivas v. Safra Nat'l Bank of New York*, No. 1:10-CV-21811-ASG, 2010 WL 11602462, at *9 (S.D. Fla. Nov. 8, 2010) ("To determine if a particular claim is within the scope of the arbitration provision depends on the existence of some nexus between the dispute and the contract containing the arbitration clause." (emphasis in original)). As explained above, Plaintiff claims that Cab East violated the Federal Consumer Leasing Act by failing to disclose the fees that would be charged when Plaintiff exercised the purchase option at the end of her lease. [ECF No. 1]. More specifically, Plaintiff claims that the

Agreement did not explain those fees that would be charged when exercising the purchase option. [ECF No. 1]. It is clear that if Plaintiff had not entered into the MVLA, she would have no claim to assert regarding the lack of disclosure of certain fees, which she alleges violated the Federal Consumer Leasing Act. As such, Plaintiff's claim against Cab East is subject to arbitration because the MVLA clearly encompasses Plaintiff's dispute.

### C. Cab East has not waived its right to arbitrate.

Finally, Cab East has not waived its right to compel arbitration. Cab East is filing this motion in response to Plaintiff's Complaint and has not otherwise attempted to defend against Plaintiff's claims in this Court.

### III.     Litigation Should be Stayed Pending Completion of Arbitration.

Ford respectfully requests that the litigation be stayed pending completion of the arbitration between Plaintiff and Cab East. "When a court finds that parties have agreed to arbitrate a dispute, Section 3 of the FAA provides for a mandatory stay of the trial of an action until arbitration has been had in accordance with the terms of the arbitration agreement." *FusionStorm, Inc. v. Presidio Networked Sols., Inc.,* 871 F. Supp. 2d 1345, 1357 (M.D. Fla. 2012). That is the situation here.

### CONCLUSION

For all the foregoing reasons, this Court should compel Plaintiff to arbitrate his claim against Ford Credit and stay this litigation pending the conclusion of arbitration

proceedings.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2023, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Joshua E. Feygin, Esq., Joshua Feygin, PLLC, 1930 Harrision St., Suite 208F, Hollywood, FL 33020, josh@jfeyginesq.com (Attorney for Plaintiff)

/s/ Jessica M. Kennedy
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
JENNIFER E NOLANDER, ESQ.
Florida Bar No. 1035482
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
jkennedy@mtwlegal.com
OwenvFMCC@mtwlegal.com
*Attorneys for Defendants, Cab East, LLC d/b/a Ford Motor Credit Company, LLC*