UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROSEMARY OWEN,                 CASE NO.: 2:23-cv-328-SPC-NPM

    Plaintiff,

vs.

CAB EAST, LLC, d/b/a FORD
MOTOR CREDIT COMPANY, a
foreign Limited Liability Company,

    Defendant.

_____/

**DEFENDANT, CAB EAST, LLC'S, MOTION FOR ATTORNEY'S FEES AGAINST PLAINTIFF AND MEMORANDUM OF LAW**

Defendant, CAB East, LLC, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 68 and Local Rule 7.01, hereby files this Motion for Attorney's Fees and Memorandum of Law. In support thereof, Plaintiff states:

### I.    FACTUAL BACKGROUND

1. This matter arises out of a Motor Vehicle Lease Agreement and Plaintiff's purchase of the leased vehicle upon terminating her lease.

2. Plaintiff filed suit in this Court on May 10, 2023, claiming a violation of the Consumer Leasing Act, alleging that she was charged undisclosed fees when she purchased the vehicle in contravention of the Consumer Leasing Act.

3. Upon CAB East's request and Plaintiff's agreement, this Court issued an Order compelling arbitration and issuing a stay of this suit on July 6, 2023. *See*

DE 13. Plaintiff immediately filed a Demand for Arbitration with the American Arbitration Association ("AAA") and refiled her cause of action. Claimant sought a total of $3,877.00 plus attorney's fees and costs.

4.    In an abundance of caution, CAB East filed an Answer and Affirmative Defenses to Plaintiff's Demand for Arbitration in July 2023.

5.    On October 25, 2023, before an arbitrator had been appointed, CAB East served an Offer of Judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68. *See* Offer of Judgment as Exhibit A.

6.    The Offer of Judgment expressly referenced Rule 68 and offered Plaintiff the total sum of damages that she alleged she was entitled to—namely "the total sum of $3,877.00, plus the costs of the action, together with whatever reasonable attorney's fees have been paid by or are chargeable to the Claimant as determined by either an arbitrator or a Court."

7.    Along with the Offer, CAB East also filed with the AAA a Notice of Service of Offer of Judgment. *See* Notice of Service as Exhibit B.

8.    Upon receipt of the Offer, Plaintiff Counsel communicated that he objected to the application of Rule 68 to the Arbitration proceeding. In response, CAB East noted the objection but argued that any award would have to be taken to federal court to be confirmed, therefore Rule 68 was applicable. *See* E-mail communication as Exhibit C.

9. As the Arbitration proceeding commenced, the parties held a preliminary hearing on January 8, 2024, wherein the parties informed the Arbitrator that they had reached an agreement to resolve the case and that all that was left to consider was the amount of reasonable attorney's fees. The Arbitrator relayed her understanding of this resolution via E-mail shortly after the preliminary hearing, and she directed the parties to submit a Consented Award confirming the underlying settlement. *See* Arbitrator Sergent E-mail as Exhibit D.

10. However, Plaintiff subsequently refused to proceed with any sort of settlement claiming that any Consent Award needed to contain language expressly affixing liability upon CAB East, to which CAB East posited that an admission of liability had never once been agreed upon.

11. The Arbitrator requested another preliminary hearing that was held on March 13, 2024. During that hearing, CAB East again explained to the Arbitrator that the parties had reached an agreement that would make Plaintiff whole, and that all that should be left to address was attorney's fees, but that Plaintiff refused to provide a demand for fees. *See* Exhibit E containing March 13th Hearing Trans. p. 5–7. In response, Plaintiff argued that she was entitled to obtain a confession of liability from CAB East, if no such confession was given, she would proceed with the merits. *See* Exhibit E- March 13th Hearing Trans. p. 8–9. CAB East, incredulous that Ms. Rosemary Owen would bypass an opportunity to be reimbursed the full amount of damages that she claimed to have suffered, communicated the following on the record:

> **CAB EAST**: Ford Credit has offered to resolve the claimant's -- the claimant's fees and reimburse those in the interest of goodwill and business. That offer has been denied and so now we are going to litigate whether Ford Credit or Cab East would have been liable at all.
>
> . . .
>
> **ARBITRATOR**: Yeah. Okay.
>
> **CAB EAST**: I mean, I appreciate that, Ms. Sergent, but I think I need to have claimant's counsel confirm that that's where we're headed.
>
> **PLAINTIFF**: I think the record is sufficiently clear that my client doesn't want to accept your side -- your client's sidestepping of liability, yes.

*See* Exhibit E- March 13th Hearing Trans. p. 17–18.

12. From there, the Arbitrator and the parties proceeded to discuss a scheduling order that would guide the limited discovery and briefing schedule for the case. Notably, as reflected in the Arbitrator's Scheduling Order, the parties agreed that federal law was applicable to the case. *See* Scheduling Order as Exhibit F.

13. At no time did Claimant convey on the record or file any document with the AAA indicating that she was accepting CAB East's Offer of Judgment.

14. Ultimately, the parties filed cross-motions for summary disposition, and the Arbitrator issued summary judgment in favor of CAB East and against Plaintiff.

15. On September 25, 2024, CAB East moved to confirm the Arbitration Summary Judgment Order, and on October 4, 2024, this Court issued an Opinion and Order confirming the Arbitration Order. *See* DE 21 and 24. This Court directed

the Clerk to enter judgment in favor of CAB East, LLC and against Rosemary Owen. *See* DE 24.

16. On October 7, 2024, the Clerk issued a Judgment and directed that any motions seeking an award of attorney's fees and/or costs must be filed within the time frame prescribed by Local Rule 7.01. *See* DE 25.

## II. MEMORANDUM OF LAW

### A. Entitlement to Attorney's Fees for a rejected Offer under Rule 68.

Federal Rule 68 provides that:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68. An offer pursuant to Rule 68 must be in writing and served upon the Plaintiff. *Duncanson v. Sj Wathen Bloomington*, Case No: 6:14-cv-704-Orl-40KRS, 2018 U.S. Dist. LEXIS 244588, *6 (M.D. Fla. 2018). "If the opposing party declines the offer, and the judgment she ultimately receives 'is not more favorable' than the offer, she must pay the costs incurred after the offer was made." *Furcron v. Mail Ctrs. Plus, LLC*, 776 Fed. Appx. 622, 624 (11th Cir. 2019). This "cost-shifting" rule encourages plaintiffs to accept reasonable offers and to encourage the settlement

of litigation. *Id*.; *Duncanson*, 2018 U.S. Dist. LEXIS 244588, at 6 (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 349–350 (1981)).

In this case, there can be no dispute that Plaintiff did not accept CAB East's Offer, and instead she elected to litigate the case. Even upon insistence by CAB East, Plaintiff was clear that she was not interested in engaging in settlement with CAB East and reasoned that "Ford is undeniably liable under the Consumer Leasing Act." *See* Exhibit E- March 13th Hearing Trans. p. 11.  Consequently, the case was litigated in Arbitration for several months until summary judgment was issued in favor of CAB East.  As a result, CAB East incurred an estimated $45,479.00 in attorney's fees to defend this action. Accordingly, because Plaintiff unequivocally rejected CAB East's Offer, she is obligated to compensate CAB East for attorney's fees that accrued since October 25, 2023—the date the Offer was served upon Plaintiff.

### B. The Consumer Leasing Act defines costs to include attorney's fees.

Generally, Rule 68 only contemplates costs incurred, not attorney's fees. *See Arencibia v. Miami Shoes*, 113 F.3d 1212, 1214 (11th Cir. 1997). However, there is an exception to this rule when "the underlying statute defines 'costs' to include attorney's fees." *Id*.; *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) ("Rule 68 'costs' include attorneys' fees when the underlying statute so prescribes."). This is the case here.

The provision of the Consumer Leasing Act that allows for a recovery of fees and costs is 15 U.S.C. § 1640(a)(3). This provision states that a lessor would be liable for "**the costs of the action, together with a reasonable attorney's fee as determined by the court**." 15 U.S.C. § 1640(a)(3). This exact language is also used by Congress in the text of the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA "provides that a debt collector in violation of the FDCPA is liable for '**the costs of the action, together with a reasonable attorney's fee as determined by the court**.'" *Font v. Nco Fin. Sys.*, Case No. 11-20029-CIV-SEITZ/SIMONTON, 2012 U.S. Dist. LEXIS 201536, *7 (N.D. Fla. 2012). In examining this language of the FDCPA, courts have held that Rule 68's limitation regarding costs did not exclude attorney's fees based on the phrasing of the statute. *Id*. So too, then, would the identical language of the CLA call for an inclusion of attorney's fees under a Rule 68 recovery.

**C. This Court has authority to tax fees and costs on an arbitration order.**

CAB East anticipates that Plaintiff will argue that a Rule 68 Offer of Judgment is not valid or enforceable in a case such as this involving arbitration. This argument would lack merit. In *Peterson v. Mercury Air Ctr., Inc*, 2009 U.S. Dist. LEXIS 141653, *3 (N.D. GA 2009), for example, a defendant who was avoiding Rule 68 argued that Plaintiff improperly interpreted a settlement offer as an offer of judgment under Rule 68 because the written offer did not reference Rule 68 and because the

parties were in the process of arbitration. The district court disagreed, ruling that it was clear that the offer was a Rule 68 offer because the written offer was styled with the federal case caption. The district court also explained that "the court did not lose its jurisdiction over the matter when it went to arbitration" and that it had "authority to enter judgment on an arbitration award 'so long as the parties contemplated judicial enforcement.'" *Id*. at *4.

In this case, CAB East expressly stated in the Offer that it was serving the Offer pursuant to Rule 68. Moreover, just as in *Peterson*, this Court retained jurisdiction to allow the parties to enforce any judgment, as necessary, which CAB East did. Therefore, CAB East is permitted to tax fees based on the rejected Offer despite the fact that the parties obtained a final order in arbitration.

### III.  **CONCLUSION**

In closing, based on the arguments raised and the attached documentation, Defendant CAB East humbly submits that this Court enter an order awarding CAB East entitlement to attorney's fees from Plaintiff, Rosemary Owen, pursuant to Federal Rule of Civil Procedure 68. CAB East estimates that it is entitled to around $45,479.00 in attorneys' fees and respectfully requests that this Court permit CAB East to submit a supplemental motion addressing the amount of fees requested pursuant to Local Rule 7.01(c).

## LOCAL RULE 3.01(g) CERTIFICATION

The movant certifies that on October 18, 2024, it conferred with Plaintiff's Counsel via telephone and the parties did not come to an agreement with respect to CAB East's requests for attorney's fees pursuant to Federal Rule 68.

Date: October 21, 2024.	Respectfully submitted,

/s/ JESSICA M. KENNEDY
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
jkennedy@mtwlegal.com
OwenvFMCC@mtwlegal.com
*Attorneys for Defendants, Cab East, LLC d/b/a Ford Motor Credit Company, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2024, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Joshua E. Feygin, Esq., Joshua Feygin, PLLC, 1930 Harrision St., Suite 208F, Hollywood, FL 33020, josh@jfeyginesq.com (Attorney for Plaintiff)

/s/ JESSICA M. KENNEDY
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015

9

MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
jkennedy@mtwlegal.com
OwenvFMCC@mtwlegal.com
*Attorneys for Defendants, Cab East, LLC d/b/a Ford Motor Credit Company, LLC*

10