# EXHIBIT E

**Arbitration**
**March 13, 2024**

```
 1    IN RE:  Case Number 01-23-0002-7602

 2    Rosemary Owen,

 3          Claimant,

 4    vs.

 5    CAB EAST, LLC,

 6          Respondent.
      _____
 7          HEARING BEFORE ARBITRATOR AMY SERGENT
             TAKEN ON BEHALF OF THE RESPONDENT
 8

 9

10

11

             DATE TAKEN:    Wednesday, March 13, 2024
12
             TIME:          COMMENCED AT 1:00 P.M.
13                          CONCLUDED AT 2:13 P.M.

14
             LOCATION:      Via Videoconference
15

16

17

18

19
             Stenographically Reported Before:
20
                   MICHELLE A. RUSSO, FPR
21

22

23

24

25
```

```
 1                        APPEARANCES:

 2


 3      ON BEHALF OF THE Claimant:

 4      Joshua Feygin, Esquire
        Sue Your Dealer - A Law Firm
 5      1930 Harrison Street
        Suite 208F
 6      Hollywood, FL 33020
        (954) 228-5674
 7      josh@sueyourdealer.com

 8


 9      ON BEHALF OF THE Respondent:

10      Jessica Marie Kennedy, Esquire
        McDonald, Toole, Wiggins, P.A.
11      111 North Magnolia Avenue
        Suite 1200
12      Orlando, FL 32801
        (407) 838-4088
13      jkennedy@mtwlegal.com

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      PROCEEDINGS
 2              THE ARBITRATOR:  Madam Court Reporter, my
 3    name is Amy Sergent, and I am the Arbitrator in this
 4    case.  Also on the line is Jenna Pascale,
 5    P-A-S-C-A-L-E.  She is our AAA Case Administrator.
 6    And Joshua Feygin is representing the claimant.
 7    And, as you know, Ms. Kennedy is representing the
 8    respondent.  If you have any trouble recognizing
 9    who's speaking, you can feel free to stop us.  Tell
10    me your name, please, ma'am.
11              THE COURT REPORTER:  My name is Michelle,
12    M-I-C-H-E-L-L-E, Russo, R-U-S-S-O, and I am with
13    U.S. Legal Support.
14              THE ARBITRATOR:  All right.  Well, is
15    everyone ready to go?  We're going to talk about as
16    I understand it, tell me if I'm wrong, we're going
17    to talk about getting a scheduling order together
18    for a hearing on the merits.  Are we still on that
19    page of the program?
20              MR. FEYGIN:  On behalf of the claimant, we
21    do agree.
22              MS. KENNEDY:  Yes, ma'am, agreed.
23              THE ARBITRATOR:  Okay.  All right.  Well,
24    as you know, I know what this case is about, and
25    we've already had discussions before, but now we're
```

1   kind of going -- we're kind of going backwards, but

2   that's all right.  So have you given any thought,

3   have you discussed amongst yourselves any proposed

4   time frame for setting up the hearing, or have you

5   maybe discussed the format for the hearing; whether

6   we're going to do it in person or video or on

7   documents?  Mr. Feygin, you can lead.

8            MR. FEYGIN:  Certainly.  There hasn't been

9   any discussion, but having done more than a few of

10  these particular claims in arbitration, it is the

11  claimant's position and belief that the most

12  straightforward way of getting this resolved is to

13  set up a briefing schedule for dispositive motions

14  and then reserving a date for a final evidentiary

15  hearing through the use of Zoom telecommunication.

16  This way if, in fact, the motions for summary

17  disposition, I mean, I assume there's going to be

18  cross motions, are denied due to some sort of

19  factual dispute, at least we already have the final

20  date set in stone and then we can prepare for that.

21           It is also the claimant's view that since

22  there has not been an answer and affirmative

23  defenses filed in this case, we're kind of in the

24  dark as to what the defenses, if any, are going to

25  be in this case.  We would ask that if the

1    respondent is going to be advancing any sort of

2    affirmative defenses, that they be pled formally,

3    and we would also ask for very limited discovery in

4    the sense of ten requests for production and one

5    corporate representative deposition.  It has been

6    the respondent's position that they are eager to

7    take my client's deposition, and we're perfectly

8    fine with that.  We would just ask that we have the

9    opportunity to take the deposition of the corporate

10   representative as well.

11          THE ARBITRATOR:  Hang on just one second,

12   Ms. Kennedy.  I'm not as quick as the court reporter

13   and I want to make sure I have my notes correct.

14          Okay, Ms. Kennedy, you can proceed.

15          MS. KENNEDY:  Yes, Your Honor.

16          So I -- yes, Ms. Sergent.  As you can

17   tell, I am well programmed.  So we -- as you may

18   recall from the last hearing on this, we had agreed

19   to an interim award for the entirety of the

20   claimant's damages.  At this point the only thing

21   that remains to be determined is the amount to the

22   extent that they would be applicable of reasonable

23   attorney's fees.  You had directed us to prepare the

24   interim award.  We had provided it to claimant's

25   counsel for their review and that is really where we

1    left off.  There is no discovery that should be

2    warranted.  There's no depositions that are

3    necessary.  That which is just mind boggling to us

4    is we've continued to say, we will resolve your

5    claimant's money.  We are not in the business of

6    trying to dissatisfy customers.

7            Again taking another step back, these

8    are -- these are fees that the dealer, not Ford

9    Credit, not Cab East has assessed to the claimant.

10   So Ford Credit, the dealers, have assessed these

11   fees.  We made no money from them.  We did not

12   collect them.  Nonetheless, we are not in the

13   business of dissatisfying our customers.

14           So in the interest of good business we

15   have offered to prepare and to provide an interim

16   award for the entirety of our customer's damages.

17   That has been denied.  And at this point we believe,

18   it's our position, that part of this relates to a

19   desire to continue to turn fees on these cases.  So

20   what we proposed from this point forward, and really

21   what I recall having been covered at the last

22   preliminary hearing is an interim award would be

23   entered and then a scheduling order on briefing as

24   to the amount of a reasonable attorney fee, because

25   bear in mind we also issued an offer of judgment in

 1  this case for conceding to two things:  The entirety

 2  of the claimant's cost, and a reasonable attorney

 3  fee.  So we're not even debating that one would be

 4  owed, it's just the amount of that.

 5          So -- and what the meet and confer process

 6  that I have had with claimant counsel at this point

 7  has been, please give me your demand.  I would like

 8  to have your demand of attorney's fees so that I can

 9  assess it and maybe we don't have to go any further.

10  But, number one, I don't have that.  And, number

11  two, I don't understand why we can't just issue an

12  interim award.  I'll pay your client that which he

13  has extended and was charged by the dealer and we

14  can just move on to the question of attorney's fees.

15          So discovery wouldn't be necessary.  And

16  that has been denied.  And the only reason we

17  suggested a potential deposition is there is sort of

18  a misunderstanding, and a lack of understanding as

19  to if that's the -- if these offers are being

20  presented to the claimant, why would the claimant

21  deny being made whole at this stage?

22          THE ARBITRATOR:  Okay.  So do you want --

23          (Simultaneous speakers.)

24          MR. FEYGIN:  Since we're -- since we're

25  apparently making a record here, may I respond?

```
1              THE ARBITRATOR:  Yes, of course.
2              MR. FEYGIN:  So it feels like we're, you
3    know, in a Groundhog's Day type of situation here.
4    As the Arbitrator may recall, at the initial hearing
5    Ford conceded liability.  As mentioned, they have
6    unequivocally claimed that the consumer is entitled
7    to their damages and there's dispute obviously over
8    the quantum of attorney's fees that the consumer is
9    entitled to.
10             Thereafter, Ford decided to impose
11   additional conditions that were never brought up
12   during the initial call.  One of them being
13   confidentiality, and the other one, basically we're
14   liable, but we're not willing to admit liability and
15   we're not going to enter into an interim award which
16   basically finds us liable.
17             Ford can't have it both ways, okay?  This
18   is an absolute absurd proposition.  If Ford wants to
19   concede liability and argue over attorney's fees,
20   we're more than willing to do that.  Unfortunately
21   it's gotten to this point.  We have already provided
22   them with a demand for attorney's fees and costs
23   well, well before we've got into arbitration.  That
24   was ignored.  So now we're at this point where we're
25   back arguing the same issues, the same position, but
```

1    in fact, Ford does not admit liability, Ford does

2    not concede liability, and it is just absurd at this

3    point.  So it's either Ford concedes liability and

4    there's an interim award entered where Ford is

5    liable, and then we proceed onwards to the

6    attorney's fees dispute, or we proceed onwards with

7    the merits.  I don't see how Ford can have it both

8    ways.

9              MS. KENNEDY:  Ms. Sergent, and this is the

10   part that I also find -- a client can make the

11   decision to resolve a claim or a portion of a claim

12   for numerous reasons without conceding liability,

13   and that's the point, and that's the standard

14   language that every party agrees to in any sort of

15   settlement agreement.  My client --

16             MR. FEYGIN:  But this isn't a settlement.

17             MS. KENNEDY:  Excuse me.  I apologize.  I

18   did not interrupt you.

19             We do not have to concede liability.  It

20   is a settlement because I'm not forcing you to

21   litigate your entitlement to those fees and costs.

22   I'm not forcing the claimant to prove their case.

23   I'm not suggesting you must prove that, me, Ford

24   Credit, is responsible for the fees that a dealer, a

25   third party not named in this litigation assessed.

1  I'm saying I would like to take care of your client

2  and your claim -- the claimant, because your client

3  is also my customer and I can handle those fees on

4  the back end with my dealer later.  But at this

5  stage I want to return the money that your client

6  was charged by a third party in the interest of good

7  business.  That is not my desire to concede

8  liability.  And everyone knows that we can make the

9  decision to resolve the case for cost of litigation,

10  for expediency, for numerous different reasons

11  without a concession of liability.

12          I'm not understanding -- I think I

13  understand, I think what I understand is that

14  claimant counsel would like Ford Credit to go on

15  record to concede liability for this third-party

16  damages to be able to utilize that in future cases

17  and that is absolutely inappropriate.  And so that's

18  why we're suggesting there should be no concession

19  of liability.  It's moot.  Why?  I have the ability

20  to go ahead and resolve a claim if I would like to

21  do so without that concession.

22          THE ARBITRATOR:  Do you have anything else

23  on that, Mr. Feygin?

24          MR. FEYGIN:  I think the arguments are

25  pretty clear at this point.  I think we're back at

1   square one and this is the original argument that we

2   had and the original concerns that the claimant had.

3   We are entitled to a final adjudication.  We don't

4   have any obligation to engage in this sort of

5   sidestepping of liability.  Ford is undeniably

6   liable under the Consumer Leasing Act.  They had an

7   obligation to make the disclosure and they failed to

8   do so.

9          If we want to get into the merits, I'm

10  prepared to argue that at this moment.  I'd prefer

11  not to.  That's for a later date.  But at the end of

12  the day Ford cannot have it both ways.  It's either

13  liable or it's not liable.  If the parties wanted to

14  mutually agree to a settlement, they could certainly

15  do so.  We're well past that point.

16          MS. KENNEDY:  And, Ms. Sergent, just to be

17  clear.  We've been made aware that there's another

18  decision from an arbitrator in a case involving

19  Doral Lincoln and involving counsel for the

20  claimant, upon which another arbitrator found that

21  there was no liability under the CLA for the exact

22  language that we're here for today.  So --

23          MR. FEYGIN:  That is absolutely a

24  misstatement and incorrect.  We are proceeding with

25  an attorney fee hearing and attorney's fees are

1   being awarded in that case.  So it is an absolute

2   misstatement of law.

3           MS. KENNEDY:  I'm happy to circulate the

4   order.  I'm happy to circulate the order --

5           MR. FEYGIN:  By all means, go for it.

6           MS. KENNEDY:  -- but the language

7   described is exactly the language that we're here

8   for today, and so to say that there is absolutely a

9   liability under the CLA, I mean, again, we're not

10  forcing any decision on that.  My client feels as

11  though that's not warranted.  We will give the

12  $2,000 or whatever it is roughly back to the

13  claimant and we'll just proceed on attorney's fees,

14  and we shouldn't have to agree to a concession of

15  liability on that, that I have a very strong belief

16  is going to reappear in other cases.

17          So, Ms. Sergent, it is our position at

18  this point that the decision to be rendered is if

19  the interim award must require concession of

20  liability, if that's the decision, then we'll move

21  to the next steps, whatever those may be, but

22  otherwise we'll enter the interim award, suggest

23  that it is for, you know, litigation purposes, or

24  whatever the language needs to be, and then we'll

25  just proceed to an attorney's fees hearing.

1           THE ARBITRATOR:  I honestly think I'm more
2    confused than I was when I started because this
3    seems to me like we're back in the same place, but
4    what do you mean -- Ms. Kennedy, you said, "If we
5    must include the concession of liability, then
6    we'll" -- what?  I didn't understand the last thing
7    you said.
8           MS. KENNEDY:  Sure.  So if it's your
9    determination, and I do think that ultimately
10   someone is going to just have to decide, but if it's
11   your determination that in order for us to proceed
12   to an attorney's fees hearing, the interim award
13   must have Ford Credit admitting liability for this
14   issue, then my client may make the decision to have
15   that portion of the decision taken up.  I don't
16   pretend to know at this stage what that would look
17   like, but I know that my client's position is we
18   don't concede liability, but we are willing to make
19   a settlement, and so why can't we just make a
20   settlement with the claimant for the amount of money
21   that the claimant was charged and then proceed to an
22   attorney's fees hearing, which candidly is what
23   we're doing in all of these other cases where we
24   believe that the -- where we believe the customer
25   was likely charged by their dealer fees that may not

1    have been necessary.

2            THE ARBITRATOR:  Okay.  But aren't we,

3    Ms. Kennedy, right back where we were?  When you all

4    can't come to a decision on those underlying terms,

5    I don't have any choice but to hear the case on the

6    merits.  I can't just enter an interim award based

7    on your agreement to settle but with no liability.

8    The claimant still has to prove liability in order

9    for me to enter the award, which means we have to go

10   back to a hearing on the merits.

11           MS. KENNEDY:  So that's not necessarily.

12   The interim award that we provided that we

13   circulated, and is the form that we have entered in

14   all other arbitration cases, indicates that the --

15   that Ford Credit stipulates to the payment of

16   reasonable attorney's fees or that which will have

17   been chargeable to the client as determined by the

18   arbitrator or a court in this connection.  We

19   stipulate to this to the amount that is being paid.

20   But an interim award does not need to include a

21   concession of liability.  I don't -- actually, I've

22   never heard of that being proposed, ever.  And I

23   would love to hear from anyone where that rule comes

24   from.  Why can't we just have an interim award that

25   says the parties agree to X amount --

1            MR. FEYGIN:  Because the parties don't

2     agree.

3            MS. KENNEDY:  Well, see, again, I guess

4     I'm still confused.  Your client does not want to be

5     made whole?  You have --

6            MR. FEYGIN:  My client wants to hold Ford

7     accountable for their violations of the CLA.  My

8     client is unwilling to enter into a partial

9     settlement agreement, or whatever it is that Ford is

10    proposing, simply to allow Ford to sidestep its

11    liability.  So, yes, my client does not agree.

12            THE ARBITRATOR:  But here's the thing, is

13    Ford even named as a defendant in this case?

14            MS. KENNEDY:  It is Cab East and Cab East

15    is a leasing company entity for all leases that Ford

16    Credit extends on the east coast.  So it is -- it's

17    Cab East, but Cab East in an entity of Ford Credit.

18    I mean, I don't want to say -- that's probably the

19    wrong way of saying it, and I'm sure that there are

20    business folks that are going to say that I said

21    that completely wrong, but essentially Ford Credit

22    is the entity upon whom Cab East is moving through

23    when it relates to their leasing agreement.

24            THE ARBITRATOR:  Okay.  But I thought, and

25    correct me if I'm wrong.  I thought I understood you

1    to say, Ms. Kennedy, that Ford Motor Credit is kind

2    of like not even a party, but they're stepping in to

3    pay this obligation because they want to maintain

4    the good customer credit reputation.  So if you're

5    saying that there's no way that Ms. Owen could

6    attach liability to your particular client, then,

7    Mr. Feygin, aren't you taking a risk with that?

8              MR. FEYGIN:  I'm not sure I understand the

9    question.  At the end of the day Cab East is Ford,

10   and we have no qualms and we have no concerns with

11   prevailing in this action.

12             THE ARBITRATOR:  Okay.

13             MS. KENNEDY:  And I think -- I think I

14   understand your question, Ms. Sergent.  So the --

15   what we're saying is really there are sort of three

16   operational parties on the defendant's sort of side.

17   There's the dealer that charged and assessed these

18   fees.

19             THE ARBITRATOR:  Right.

20             MS. KENNEDY:  And then there's Cab East,

21   they're the party named in this litigation, they're

22   the lease holder.

23             THE ARBITRATOR:  Right.

24             MS. KENNEDY:  The mother ship, if you

25   will, is Ford Credit.  And so Ford Credit does have

1  a relationship with Cab East.  We do not have a

2  relationship, we are a totally separate entity from

3  the dealer that actually assessed these fees.

4           THE ARBITRATOR:  Okay.  I understand.  I'm

5  sorry, I think I went -- something that you said I

6  must not have heard correctly and it sent me down

7  the wrong path there.  Okay.

8           All right.  Well, as I said, I think we're

9  back where we were.  What we need to do is set the

10  matter for a hearing on the merits, because I can't

11  determine liability or no liability without hearing

12  on the merits.  And I can't enter an interim award

13  without either an agreement to concede liability or

14  having the claimant prove liability, so I don't

15  think -- we just need to set the scheduling order.

16           MS. KENNEDY:  Understood.  So that -- to

17  that end we will -- I just want to make sure I'm

18  clear.  Ford Credit has offered to resolve the

19  claimant's -- the claimant's fees and reimburse

20  those in the interest of good will and business.

21  That offer has been denied and so now we are going

22  to litigate whether Ford Credit or Cab East would

23  have been liable at all.

24           THE ARBITRATOR:  Technically whether or

25  not it is liable at all.

1           MS. KENNEDY:  Correct.

2           THE ARBITRATOR:  Yeah.  Okay.

3           MS. KENNEDY:  I mean, I appreciate that,

4    Ms. Sergent, but I think I need to have claimant's

5    counsel confirm that that's where we're headed.

6           MR. FEYGIN:  I think the record is

7    sufficiently clear that my client doesn't want to

8    accept your side -- your client's sidestepping of

9    liability, yes.

10          MS. KENNEDY:  Okay.

11          THE ARBITRATOR:  Okay, so back to my

12   original question.  Has there been any discussion

13   about dates or does anyone have any thoughts about

14   dates?  I know you're talking about dispositive

15   motions, Mr. Feygin, but I'm not going to allow a

16   dispositive motion unless you tell me the basis for

17   it and I find that, you know, it's likely to succeed

18   or dispose the merit issues --

19          MR. FEYGIN:  Of course.

20          THE ARBITRATOR:  -- so you will have to

21   put on that initial offer of proof.  It sounds to me

22   like you feel you can probably do that, so I'm happy

23   to set up a dispositive motion procedure for that.

24   But let's talk about setting a date in the event

25   that this matter is not resolved on dispositive

1   motions, or if I reserve judgment on the dispositive

2   motions because I decide I want to hear from

3   everybody at a hearing.

4            MR. FEYGIN:  Very well.

5            MS. KENNEDY:  Okay.  Well, it sounds like,

6   unless I'm not understanding or maybe I'm

7   appreciating the schedule, I believe that should

8   plaintiff (sic) not have to file first briefing as

9   to what they think they're entitled to or would you

10  like the posture of it to come from Ford Credit at

11  first filing?

12           THE ARBITRATOR:  I'm sorry, I don't

13  understand what you're asking me, Ms. Kennedy.

14           MS. KENNEDY:  Sure.  So do you want --

15           MR. FEYGIN:  (Indiscernible.)

16           MS. KENNEDY:  So do you want the first

17  briefing to come from Ford Credit to suggest why we

18  would not have liability, or do you want the first

19  briefing to come from the plaintiff (sic) to suggest

20  why we would have liability?  Because I'm happy to

21  offer a date, but I don't think it's appropriate for

22  me to say this is when I think the claimant should

23  file their briefing by.

24           THE ARBITRATOR:  Okay.  Well, I'm going to

25  work a little bit backwards.  First what we're going

1   to do is set a hearing date, an actual hearing date

2   for a hearing on the merits and then we will work

3   back from that.  And prior to that I will set a

4   dispositive motion deadline.  A dispositive motion

5   can be filed by either party, but I would anticipate

6   in this case that Mr. Feygin is certainly intending

7   to file one and it will be his burden to -- to put

8   it forth and to file his brief first.

9           Is that the way you contemplate it,

10  Mr. Feygin?

11          MR. FEYGIN:  Well, again, I think we're

12  getting a little bit advanced here, or at least

13  ahead of ourselves, because, again, we don't know

14  what the affirmative defenses are, and that kind of

15  brings me back to the previous request of asking for

16  the defendant (sic) to file -- or the respondent to

17  file their answer and affirmative defenses laying

18  out their affirmative defenses, if they intend on

19  pleading any.

20          Once that occurs, again, we would like the

21  opportunity to take ten requests for production and

22  the corporate representative deposition, present our

23  client for a deposition as well, and then once the

24  evidence is there, we're going to seek leave under I

25  believe it's either 34 or Rule 35.  And, obviously,

1    the respondent is welcomed to do the same.

2              THE ARBITRATOR:  Under Rule 33 for

3    dispositive motion, yes.  I understand, and we're

4    going to get to all of those things, such as the

5    respondent's -- any counterclaims and its defenses,

6    and we're going to get to those dates, but I'm

7    trying to work backwards.  So what I'm trying to do

8    is pick a trial date -- a hearing date first and

9    then work back in time and set the date for all

10   claims to be amended, the date for any discovery,

11   whatever discovery is allowed, and then we will set

12   a dispositive motion deadline that's going to give

13   ample time for the briefing to get in, for me to

14   make a decision before that hearing date that we've

15   set.  Does that provide a more clear picture now of

16   where we're going?

17             MR. FEYGIN:  Yes, Madam.  So that is much

18   clearer to me, yes.

19             MS. KENNEDY:  Yes, on behalf of Ford

20   Credit as well.

21             THE ARBITRATOR:  All right.  So with all

22   these things contemplated, I would think -- we're in

23   March now.  We're looking at a -- at the very least

24   we're looking at June or July.  And June is

25   technically not a good month for me on my hearing

1    schedule.  How are your schedules looking in July?

2            And in the event we get to a hearing where

3    we -- we're talking about video -- Ms. Kennedy, I

4    think Mr. Feygin mentioned about it, is that what

5    you prefer, just to do a Zoom hearing?

6            MS. KENNEDY:  I think that would be fine.

7            THE ARBITRATOR:  And I assume it's one

8    day, correct?

9            MR. FEYGIN:  Yeah, I would certainly hope

10   that we can get it resolved in one day.

11           MS. KENNEDY:  Agreed.

12           And then I'll just say candidly July isn't

13   great for me either.  June is better.  But I can

14   look towards maybe closer to the last week of the

15   month of July, otherwise, I think I might be going

16   into August.  And truly part of that is just because

17   I'm going on a trip for part of July.

18           MR. FEYGIN:  Yeah, on behalf of the

19   plaintiff (sic), June and July are pretty booked.  I

20   have multiple trial periods.  It is starting to look

21   like August is going to be the better way, at least

22   the second or third week of August.

23           MS. KENNEDY:  Oh, okay.

24           THE ARBITRATOR:  Okay.  That's better for

25   me as well, so I can do -- as it stands right now I

1    have the 12th, 13th, 14th, 20th or 21st.  Actually,

2    any time -- hang on, let me just back that up.  Let

3    me walk it back.  The 13th, 14th, 19th, 20th, 21st,

4    or any time that following week of the 26th.

5             MS. KENNEDY:  So I'm on a three-week trial

6    docket in Broward County, I am happy to provide the

7    trial order if it's necessary, on an airplane crash

8    case that will take every bit of three weeks, and

9    that starts on the 12th.

10            Now, I -- although my trial partners would

11   probably strangle me, I can offer the 5th through

12   the 9th, any day, but -- and that case may not go,

13   but I just don't want to say I can absolutely cover

14   a one-day preliminary hearing in this case when I'm

15   also supposed to be trying a case in Broward County

16   that same time.

17            THE ARBITRATOR:  Josh, do you have

18   anything that week, the 5th, 6th, 7th, 8th, 9th?  I

19   prefer the 6th, 7th or 8th there, if possible.  The

20   Tuesday, Wednesday or Thursday.

21            MR. FEYGIN:  Yeah, let's do either the 7th

22   or the 8th with the one caveat that I obviously

23   don't have my client's schedule in front of me so I

24   need to run it by her and confirm with her as to her

25   availability.

```
 1              THE ARBITRATOR:  Does that work,
 2    Ms. Kennedy?
 3              MS. KENNEDY:  Yes.  I appreciate it.
 4              THE ARBITRATOR:  Okay.  I think a 9:30
 5    start time should be sufficient.  Leave us more than
 6    enough time.  I can't imagine this is -- this is
 7    assuming we get this far, to an actual merits
 8    hearing, but I would assume that 9:30 till -- I'm
 9    fine going late, but I want to give everybody a
10    chance in the morning to, you know, get your act
11    together.  9:30 start time good with everyone?
12              MS. KENNEDY:  Yes, thank you.
13              MR. FEYGIN:  Yes, ma'am.
14              THE ARBITRATOR:  All right.  I can set up
15    the Zoom hearing and I'll send a link to everyone.
16    Well, to the representatives.  You will be
17    responsible for getting it to the court reporter,
18    witnesses, any other corporate representatives, or
19    participants, okay.
20              Okay, let's talk about the deadline to
21    amend these claims or provide counterclaims and
22    affirmative defenses.
23              MR. FEYGIN:  On behalf of the claimant I
24    don't anticipate amending, but just in case, figure
25    seven days from today.
```

```
 1              MS. KENNEDY:  So the 20th?  March 20th,
 2    would that be the deadline?
 3              THE ARBITRATOR:  Yes, that -- I will put
 4    that in.  I'm sorry if I don't talk for a moment.
 5    I'm trying to type at the same time to draft this
 6    up.
 7              And, Ms. Kennedy, a couple weeks past
 8    that, is that acceptable to you?  Can you have your
 9    counterclaim affirmative defenses by then?  It's not
10    like this case is fresh and new.  You should happily
11    be able to fulfill on that.
12              MS. KENNEDY:  Absolutely, no concern.
13              THE ARBITRATOR:  So that will be
14    April 3rd.
15              Federal Arbitration Act I know is to apply
16    according to the arbitration agreement between the
17    parties, and correct me if I'm wrong.  Mr. Feygin, I
18    recall it's a one-count complaint and that's a
19    federal count, so federal law will be applied
20    substantively; is that correct?
21              MR. FEYGIN:  Yes, ma'am.
22              THE ARBITRATOR:  Exchange of information.
23    Let's talk about discovery, so to speak.  Exchange
24    of information pursuant to Consumer Rule 22.
25    Obviously, there's not as much liberty given in
```

1    arbitration proceedings, but I'm a firm believer in

2    allowing the parties to craft their own discovery

3    because you are the ones who are more familiar with

4    the case.  I would like to set a deadline to do an

5    initial exchange of information.  I would propose

6    that that be within the next 30 to 45 days.  Anybody

7    have a problem with that?

8                MR. FEYGIN:  On behalf of the claimant, no

9    objection.

10               MS. KENNEDY:  Same here.  I do want to

11   clarify the scope, and this could be something that

12   comes up that maybe we may require some sort of a

13   hearing on, but from my -- from Ford Credit's

14   perspective and Cab East's perspective there's

15   really twofold to the plaintiff's (sic) allegations.

16   Number one, the merits; and, number two, the

17   attorney's fees.  And so I just -- are we going to

18   phase it out where we are first going to go to

19   merits and then we're going to address billing

20   records, you know, retention agreement, things like

21   that that might be responsive to an attorney's fees

22   issue or are we going to handle all of those in one

23   phase?

24               THE ARBITRATOR:  No, generally it is

25   bifurcated, unless Mr. Feygin can tell me a really

1   good reason for doing it all at once.

2              MS. KENNEDY:  Okay.

3              THE ARBITRATOR:  So those two would be

4   bifurcated and I would expect, particularly since I

5   have spoken to both of you before when we thought we

6   only needed to resolve the -- I only need to resolve

7   the attorney's fee issue, that will probably be done

8   documents only, unless I believe you had said,

9   Ms. Kennedy, if claimant intended to bring an

10  expert, there might be need for testimony.

11             But, no, we will schedule that separately

12  and we will bifurcate it.

13             MS. KENNEDY:  Thank you.  Okay.  Agreed.

14             THE ARBITRATOR:  Okay.  Mr. Feygin, you're

15  in agreement with that, right, sir?

16             MR. FEYGIN:  I see no reason to undertake

17  extra work out of the gate.  I've always -- in every

18  single arbitration that I've been in, it's always

19  been liability.  Once liability is established, then

20  we proceed on awards on the attorney's fees.

21             THE ARBITRATOR:  Right.  And we'll set up

22  a separate scheduling either at the hearing or

23  shortly thereafter if there's an award of attorney's

24  fees.

25             Okay, let's go back to the exchange of

1   information.  We said, I think, 45 days from now is

2   the initial exchange, so how about May 1st?

3              MR. FEYGIN:  On behalf of the claimant, I

4   don't really see any problem with that.

5              MS. KENNEDY:  Agreed.

6              THE ARBITRATOR:  And, Mr. Feygin had

7   proposed ten requests for production and potentially

8   a corporate depo and the claimant's depo, do we

9   think that that's sufficient on both sides?

10             Ms. Kennedy, your thoughts?

11             MS. KENNEDY:  Sure.  So the topics related

12  to, just like Rule 30(b)6), I would want to see the

13  topics for the corporate notice deposition and we

14  may have objections to some of those that may need

15  to be resolved, so I'm -- withholding any of those

16  objections, that's fine with me.

17             THE ARBITRATOR:  All right.  Well, I'm not

18  going to, like, start litigating objections.

19             MS. KENNEDY:  I know.

20             THE ARBITRATOR:  Put it somewhere in the

21  scheduling order.  If there are matters upon which

22  the parties disagree, you can bring it to my

23  attention and I encourage you to do that by -- well,

24  first I want you to confer.  And then if you can't

25  work it out, bring it to my attention via e-mail,

1   make sure you always copy the AAA, and if necessary

2   I'll either take briefing or I'll set it for

3   hearing.

4              MS. KENNEDY:  Understood.

5              THE ARBITRATOR:  Other than that ten

6   requests for production -- one corporate depo -- and

7   I do think it's necessary to put time limits on

8   these.  I can't imagine that you'll need more than

9   four hours.  Tell me if I'm wrong though.  I'm not

10  going to micromanage your case, although I am going

11  to reel it in a little bit.  For the deposition of

12  the claimant, do you think four hours is sufficient,

13  Ms. Kennedy?

14             MS. KENNEDY:  Oh, I strongly believe that

15  we could do both depositions in four hours.  Neither

16  of these should be more than, frankly, an hour.  But

17  if we want to be safe, it should be two hours.  I

18  mean, we can take the deposition of a plaintiff in

19  an injury case in under two hours.  This case is

20  about $2,000.  We should not be deposing anyone for

21  four hours.

22             THE ARBITRATOR:  Okay.  Mr. Feygin, your

23  thoughts?

24             MR. FEYGIN:  I am going to agree with the

25  tribunal, four hours is going to be sufficient per

1    party.  And this is just based on prior experience.

2    Four hours should be sufficient --

3              THE ARBITRATOR:  I can't imagine the

4    claimant's depo will go more than an hour or two, I

5    agree with Ms. Kennedy.  But I can see how the

6    corporate deposition just because of the need for

7    the -- you know, get into documents potentially,

8    that could go a little longer so I'm just going to

9    say four hours for both sides.

10             Written motions, that will be -- you know,

11   that's in Rule 24.  That will be included in the

12   scheduling order.  As I said, just talk to each

13   other first, please.  Try to work it out.  If not,

14   then we can request to file a motion or explain to

15   me the situation and we'll set up the hearing or

16   I'll just say send briefs.

17             Dispositive motion scheduling.  Let's go

18   ahead and we will set a briefing schedule.  So if

19   the hearing is August 7th, I'd like to bring that

20   back a least a couple months because I know we're

21   all traveling and busy trial schedules apparently

22   so --

23             MR. FEYGIN:  I hate to backtrack here, but

24   I think it will be helpful to have deadlines to

25   complete the discovery before we move on to the

1   briefing schedule.  At least a deadline to serve and
2   respond to the written discovery and a deadline to
3   effectuate the depositions.
4           MS. KENNEDY:  Well, that is fair enough.
5   Strange, because the new form that AAA has put out
6   doesn't actually give a close to discovery deadline,
7   at least not one that I could find.  But there is
8   nothing that prohibits me from crafting one in
9   there, and I think that that's --
10          MR. FEYGIN:  Yeah, I'm not too thrilled
11  with the new scheduling order format, for the
12  record.
13          THE ARBITRATOR:  I can't move around in
14  here quite as quickly as I could when I knew where
15  everything was going to be.
16          MR. FEYGIN:  Yeah.
17          THE ARBITRATOR:  I think the close of
18  discovery, and I do want to hear from you, but my
19  thoughts on this are we need to allow at least a
20  couple -- six to eight weeks before the hearing date
21  for dispositive motions, particularly as I said,
22  because of everyone's trial schedules someone may
23  need an extension or it may take me a little longer
24  to get to.  I would think that you should be able to
25  finish discovery by the first week of June or so, by

1   June 7th.

2           MR. FEYGIN:  On behalf of the claimant I

3   think that should be fine.

4           MS. KENNEDY:  Agreed.

5           THE ARBITRATOR:  Okay.  Now, are we ready

6   to talk about a dispositive motion schedule?

7           MR. FEYGIN:  I hope so.

8           MS. KENNEDY:  Agreed.

9           THE ARBITRATOR:  All right.  How about the

10  close of discovery is June 7th, ten days from then

11  for the first opening brief, June 17th?

12          MR. FEYGIN:  Are we referring to the leave

13  under 33 or the initial briefing for the actual --

14          THE ARBITRATOR:  Initial brief.

15          MR. FEYGIN:  -- dispositive motion?

16          THE ARBITRATOR:  Initial brief.

17          MR. FEYGIN:  Okay.  To err on the side of

18  caution, can we push it to the 21st?

19          THE ARBITRATOR:  I don't have a problem

20  with that.  Ms. Kennedy, are you okay with that?

21          MS. KENNEDY:  That's fine.  And to -- I

22  don't know if now would be the appropriate time to

23  confirm, is claimant providing first briefing or is

24  Ford Credit providing first briefing?

25          THE ARBITRATOR:  Well, it depends on whose

1    motion it is.  I would assume this is, the

2    claimant's dispositive motion.  If you have one as

3    well, you're welcome to file that.  But I think the

4    schedule will be the same whether it's respondent

5    filing a dispositive motion or claimant filing a

6    dispositive motion.

7            MS. KENNEDY:  Understood.  So here's

8    how -- here's why I'm recognizing that.  I think our

9    dispositive motions are going to ultimately be

10   framed with the exact same arguments to any

11   response, right?

12           So if I file a motion for summary judgment

13   like motion, the claimant's response to that is

14   going to look very similar, if not identical, to the

15   law that they would cite in their own motion for

16   summary judgment.  So in lieu of having both parties

17   file dispositive motions and then both parties

18   filing responses upon which the argument would

19   largely be the same, I think it would make sense

20   just to designate one party to sort of go first and

21   then the other party to respond.

22           Now, again, I'm happy to do both.  I can

23   file a motion for summary judgment like motion, and

24   then also respond to claimant, but I just think that

25   I'm trying to reduce everyone's efforts in work here

1   when I think we're going to be saying the same

2   things.

3           THE ARBITRATOR:  Okay.  And who are you

4   proposing would take the lead on it then,

5   Ms. Jessica?

6           MS. KENNEDY:  Yeah, I'm happy to take

7   either position.  I do think that it makes the most

8   sense to have the claimant go first and then Ford

9   Credit respond to the claimant or the respondent.

10  But, again, I just wanted to make sure I understood,

11  because I've had this happen before where both sides

12  file a dispositive motion and both sides respond and

13  essentially we're all making everyone's job more

14  complicated when we only needed one set of briefing.

15          THE ARBITRATOR:  Well, that I can

16  understand and agree with.

17          Josh, are you okay with that and do you

18  agree with that assessment?

19          MR. FEYGIN:  No.  As I'm sure I won't

20  surprise anybody.  But at the end of the day, I've

21  had quite a few of these go to summary disposition

22  where the arguments being made by either party are

23  completely different.  And to kind of, you know,

24  to -- it's hard for me to agree to limit either

25  party's ability to file a summary dispositive motion

1   and then be able to respond to it just because I

2   don't know what the arguments are going to be made.

3   There have been incidences in the past where my

4   clients moved for summary disposition and the other

5   side moved for summary disposition and we were

6   arguing completely different things.  So I don't

7   think, you know, I would be able to basically

8   handcuff my client and agree at this point.  I think

9   the better -- I totally respect and I totally

10  understand the desire to reduce the amount of work

11  here, but I just -- it's hard for me to agree to it.

12          Now, what I can propose is that we can

13  move first, and, if, you know, Ford believes that

14  they can wrap everything up in simply a response,

15  then we can go that way, but at the very least we

16  would ask that the plaintiff (sic) -- or the

17  claimant takes the lead, but ultimately we would

18  prefer that both parties have the opportunity so

19  both parties have the opportunity to be heard.

20          MS. KENNEDY:  That's fine.  And I -- and

21  another thing -- and I don't want it to come across

22  as though I was trying to hand string anyone.  In

23  fact it was to the opposite.  I do agree that I

24  think your client should go first.  And if we can

25  respond and address it there, then that should be

1    sufficient.  I just didn't want it to be unclear as

2    to if we were filing a dispositive motion and you

3    were filing.  In this case, again -- I can

4    understand it in other arbitrations you may have had

5    competing arguments -- I stand by I don't understand

6    how we would get there here.  This is a very

7    straightforward case.  And so I'm fine with you

8    providing briefing on June 21st.  And if we have a

9    separate motion for summary judgment or a separate

10   dispositive motion that we think would be

11   appropriate, we set a deadline for that, but also

12   just have it as part of our response to your motion.

13          THE ARBITRATOR:  I appreciate what both of

14   you are saying and I'm hopeful that you will look

15   forward to, you know, economy on your own part and

16   efficiency for the whole proceeding by trying to

17   keep it all -- without depriving you of any

18   arguments that you may have, just try to be mindful

19   of what can be covered in one set of briefs instead

20   of two if they're going to cover the same things.

21   You know what I mean?

22          MS. KENNEDY:  Yes.

23          THE ARBITRATOR:  All right.  Well, we'll

24   just set universal deadlines.  We will have the

25   understanding that at this point it is contemplated

1  that claimant is going to go first, but I'm not

2  going to preclude respondent from filing their own

3  if they find there's grounds to do so.

4          MS. KENNEDY:  Understood.

5          THE ARBITRATOR:  Okay, so June 21st for

6  the opening brief.  Two weeks after for response, so

7  that is July 5th.

8          MS. KENNEDY:  Um --

9          MR. FEYGIN:  That's rough.

10         MS. KENNEDY:  I was just going to say, I

11  don't know about everyone's offices, but our office

12  tends to be pretty desolate on the 4th and the 5th,

13  particularly given that the 5th is a Friday.  It

14  might be more reasonable to have it set on the 8th

15  or the 9th.

16         THE ARBITRATOR:  All right.  We can do

17  the 9th.  What I am just trying to avoid is running

18  too close to the hearing date because I would like

19  time to -- if I'm going to resolve it on a

20  dispositive motion, I don't want that to overlap

21  with both sides sending in a bunch of work trying to

22  get ready for a hearing that may not happen.

23         MS. KENNEDY:  Understood.

24         THE ARBITRATOR:  I am going to put it to

25  20-page max, exclusive of the exhibits on them.  I

1    may have discussed this with you all before, when

2    you send copies of briefs to me, I would like them

3    not only e-mailed, but also send hard copies along

4    with copies of any case law that I can't get to on

5    an easy Google search.  I am a one-man band.  I

6    don't have LexisNexis, Westlaw, all of those things

7    at my disposal, and so although I can look up many

8    cases, I can't look up everything.  Especially not

9    with Westlaw.  So you are going to need to send me

10   hard copies of anything in excess of 15 pages plus

11   any case law cited and exhibits, okay?

12            MR. FEYGIN:  Very well.

13            MS. KENNEDY:  Understood.

14            THE ARBITRATOR:  A sur-reply briefs, I

15   think that should help cover any concerns of any

16   issues being raised by one party that wasn't raised

17   in the other party's brief, so I will allow for

18   sur-reply, and I'm going to put a short time frame

19   on that because of we're getting so close to the

20   hearing date.  So we'll say by the 17th, that's

21   about eight days, July 17th.

22            MS. KENNEDY:  That makes sense.

23            MR. FEYGIN:  No objection on behalf of the

24   claimant.

25            THE ARBITRATOR:  Witness disclosures, I

1   think it will be pretty evident.  If you all don't

2   anticipate there are going to be a ton of witnesses,

3   but I'm just going to set a date for disclosure of

4   witnesses, which will be the same date as the

5   exchange of information, May 1st.  Is that fair with

6   everyone?

7              MS. KENNEDY:  Understood.

8              MR. FEYGIN:  Is that -- I'm sorry, I

9   missed the first part.  Is this the disclosure of

10  witnesses and the exhibits or just the disclosure of

11  witnesses?

12             THE ARBITRATOR:  What we said was that the

13  exchange of information, the initial will be May 1st

14  and will be concluded by June 7th.  I was saying

15  that the disclosure of witnesses, including experts

16  to reasonably be expected to be called at the

17  hearing, should be by May 1st, so you have time to

18  do whatever discovery you think is necessary on

19  those individuals prior to the close of discovery.

20             MR. FEYGIN:  Yeah, we wouldn't have an

21  objection with that.  The only concern that we have

22  is if the discovery process leads to the discovery

23  of additional witnesses that will be called at the

24  evidentiary hearing, that there'd be a deadline for

25  final witness and exhibit list prior to the final

1    hearing, if we obviously proceed with the final

2    hearing.

3              THE ARBITRATOR:  Say that again, Josh.

4    I'm sorry.

5              MR. FEYGIN:  Sure.  So in the event -- so

6    we're starting off with the initial disclosures, the

7    initial exchange of information by May 1st.  Then we

8    have until June 7th to complete discovery.  The

9    discovery process may reveal additional witnesses.

10   So in the event that that occurs, and either side

11   wants to call upon any newly discovered witnesses,

12   that there be a deadline to disclose the witness and

13   exhibit list prior to the final evidentiary hearing

14   assuming that we actually go forth with the hearing.

15             THE ARBITRATOR:  Okay.  Ms. Kennedy, what

16   do you say about that?

17             MS. KENNEDY:  I understand.  I think, if

18   I'm clear, so Mr. Feygin is saying that if we're

19   beginning this discovery process on May 1st, then

20   how can we foreclose ourselves from finding new

21   exhibits and new witnesses -- or new exhibits and

22   new witnesses to provide; am I getting that right,

23   Mr. Feygin?

24             MR. FEYGIN:  Yeah, certainly.  It's just

25   an issue of fairness in disclosure.  So, you know,

1   generally speaking there is usually some deadline

2   for final exhibit and witness list so that way

3   there's no surprise at the final hearing.

4            MS. KENNEDY:  That's fine.  And it makes

5   perfect sense to me.  And then if you want, again,

6   for expediency, do you want to have that the same

7   deadline as our cert reply?  By that time we should

8   all be understanding witnesses' arguments, exhibits

9   by the time we're filing cert replies on July 17th.

10           MR. FEYGIN:  That is perfectly fine on the

11  claimant's behalf.

12           THE ARBITRATOR:  Okay.  So you want to

13  exchange the final witness and exhibit list by

14  July 17th, correct?

15           MR. FEYGIN:  Yes, ma'am.

16           THE ARBITRATOR:  I am trying to find a

17  place to insert that in this fancy new form so just

18  bear with me.

19           Okay.  Hearing exhibits, I don't need to

20  tell the two of you how to do that.  Make sure you

21  premark all your exhibits and if we end up at

22  hearing, it's on Zoom, make sure that you have

23  someone with you or that you know -- I figure both

24  of you probably know how to share exhibits on Zoom,

25  but I just feel I should always say that because

1    that will turn a two-hour hearing into a three-day

2    hearing.

3              MR. FEYGIN:  That's about right.

4              THE ARBITRATOR:  I lived it back in the

5    COVID days when everybody was trying to figure it

6    out.

7              MR. FEYGIN:  Unsuccessfully I'm sure.

8              THE ARBITRATOR:  It was a slow process,

9    wasn't it.  I know the two of you can relate.

10             E-mail communication, I'm fine with direct

11   exchange unless you would prefer to just go through

12   the case administrator and have Jenna send them to

13   me.

14             MR. FEYGIN:  On behalf of the claimant, we

15   have no preference.  I think it's whatever the

16   tribunal prefers.

17             MS. KENNEDY:  Agreed.

18             THE ARBITRATOR:  We've already discussed

19   that we will reserve scheduling on any attorney's

20   fee award until after the hearing on the merits.

21             MR. FEYGIN:  On behalf of the claimant,

22   agreed.

23             MS. KENNEDY:  Agreed.

24             THE ARBITRATOR:  I'm assuming the parties

25   are going to have a court reporter present for the

1   hearing.

2              MS. KENNEDY:  Yes.

3              MR. FEYGIN:  What gave it away?

4              THE ARBITRATOR:  I was clued in there.

5   Thank you, Ms. Kennedy.  Okay.

6              MS. KENNEDY:  And we're happy to arrange.

7              THE ARBITRATOR:  And you will provide a

8   copy of the transcript to me; is that correct?

9              MS. KENNEDY:  Correct.

10             THE ARBITRATOR:  Okay.  I feel like I'm

11  missing something, but I think that we pretty much

12  have everything that we need.  Cyber security and

13  privacy, are there any particular needs?  I can't

14  imagine that there are protective orders, those

15  types of things that are contemplated.

16             MR. FEYGIN:  On behalf of the claimant, I

17  don't believe so.  The only thing that I would

18  mention is we didn't discuss the nature of the

19  award.

20             THE ARBITRATOR:  Isn't that -- I feel that

21  is set in the arbitration agreement.  Decision in

22  writing with supporting opinion that cites reasons.

23             MR. FEYGIN:  If that's what's in the

24  arbitration agreement, I don't have it in front of

25  me so I will defer to the tribunal in that case.

**Arbitration**

March 13, 2024                                    44

```
1              THE ARBITRATOR:  I will double-check that,
2   but I'm fairly certain that it's -- Ms. Kennedy, do
3   you happen to know that off the top of your head?
4              MS. KENNEDY:  I don't, and I was trying to
5   get my hands on it faster than you asked -- faster
6   than you called on me, but I don't have it.  But I
7   also agree that if you're looking at it, then that
8   makes sense.
9              THE ARBITRATOR:  All right.  Hang on one
10  second, I found it.  It may not say.
11             I don't think it's specific to it.  I kind
12  of read it here, but I'll double-check it again, but
13  I think it's just a written decision with concise
14  reasons.
15             MR. FEYGIN:  So if in fact it is not in
16  the arbitration provision, the claimant would prefer
17  a preference -- or the claimant's preference would
18  be a reasoned award.
19             THE ARBITRATOR:  Ms. Kennedy?
20             I mean the consumer rules generally
21  provide for concise reasons.  And I will tell you
22  quite frankly I've never written an award where I
23  didn't give the reasons why I went one way or the
24  other.
25             MR. FEYGIN:  Okay.  I just don't want it
```

1   to be like a two liner, you know.

2           THE ARBITRATOR:  I don't think you could

3   get that out of me if you tried.  I'm a Virgo and I

4   just overthink it and overwrite it so...

5           MR. FEYGIN:  Fair.

6           THE ARBITRATOR:  All right.  Concise

7   written reasons.

8           Okay.  The award will be 30 days from the

9   date of hearing is declared closed.  I will not

10  close the hearing until I've received the

11  transcript.  That's the way it's traditionally done

12  and expected.

13          What else?  Mr. Feygin, Ms. Kennedy, do

14  you have anything else we haven't talked about?

15          MR. FEYGIN:  I'm sure I'll think of

16  something the second we hang up, but as I sit here

17  right now, I can't think of anything.

18          THE ARBITRATOR:  I'll send an e-mail

19  around if I think of anything.  Jessica, what were

20  you going to say, ma'am?

21          MS. KENNEDY:  I was just going to say

22  where Mr. Feygin will think of it when he hangs up,

23  I will get on a call with my client and they will

24  ask me a question that I will not be prepared to

25  answer and I'll say, Well, I didn't ask that, and

1    that's when I will think of something.  But for this

2    point I think we're good.

3            THE ARBITRATOR:  Okay.  All right.  I

4    think we're good too.  So I will -- I'll get a -- I

5    will work on this draft and I will get a finalized

6    order out to you all in the next day or two.

7            All right.  Well, I look forward to

8    working with you and have a good afternoon.

9            MR. FEYGIN:  You sure about that?

10           THE ARBITRATOR:  Well, no, not really.

11           MR. FEYGIN:  All right.

12           MS. KENNEDY:  Thank you so much.

13           THE ARBITRATOR:  I do appreciate it.  You

14   all have a very strong agreement, material agreement

15   on the case, you still seem to be able to work

16   together and you're, you know, convivial, and you're

17   not above compromise, so I will remain hopeful that

18   you can keep the faith and maybe, you know, maybe

19   even get this case resolved on your own.  But if

20   not, that's what I'm here for, so I appreciate the

21   opportunity.

22           MR. FEYGIN:  Very well and thank you for

23   your time.

24           MS. KENNEDY:  Thank you.

25           (The hearing was concluded at 2:13 p.m.)

1                    REPORTER'S CERTIFICATE

2

STATE OF FLORIDA   )
3   COUNTY OF OKALOOSA )

4

5        I, MICHELLE RUSSO, Court Reporter, certify that

6   I  was authorized to and did stenographically report

7   the foregoing proceedings and that the transcript is

8   a true and accurate record.

9        I further certify that I am not a relative,

10  employee, attorney, or counsel of any of the

11  parties, nor am I a relative or employee of any of

12  the parties' attorney or counsel connected with the

13  action, nor am I financially interested in the

14  action.

15       Dated this 22nd day of March, 2024.

16

17

18      _____

19      MICHELLE A. RUSSO
        FLORIDA PROFESSIONAL REPORTER
20

21

22

23

24

25

| | | | |
|---|---|---|---|
| **$** | **4th**   37::12 | **absurd**   8::18 | **agreement** |
| **$2,000**   12::12 | | 9::2 | 9::15  14::7 |
| 29::20 | **5** | **accept**   18::8 | 15::9,, 23  17::13 |
| | **5th**   23::11,, 18 | **acceptable** | 25::16  26::20 |
| **1** | 37::7,, 12,, 13 | 25::8 | 27::15  43::21,, |
| **12th**   23::1,, 9 | | **accountable** | 24  46::14 |
| **13th**   23::1,, 3 | **6** | 15::7 | **agrees**   9::14 |
| **14th**   23::1,, 3 | **6th**   23::18,, 19 | **across**   35::21 | **ahead**   10::20 |
| **15**   38::10 | | **act**   11::6 | 20::13  30::18 |
| **17th**   32::11 | **7** | 24::10  25::15 | **airplane**   23::7 |
| 38::20,, 21 | **7th**   23::18,, 19,, | **action**   16::11 | **allegations** |
| 41::9,, 14 | 21  30::19 | **actual**   20::1 | 26::15 |
| **19th**   23::3 | 32::1,, 10  39::14 | 24::7  32::13 | **allow**   15::10 |
| **1st**   28::2 | 40::8 | **additional** | 18::15  31::19 |
| 39::5,, 13,, 17 | | 8::11  39::23 | 38::17 |
| 40::7,, 19 | **8** | 40::9 | **allowed**   21::11 |
| | **8th**   23::18,, 19,, | **address**   26::19 | **allowing**   26::2 |
| **2** | 22  37::14 | 35::25 | **amend**   24::21 |
| **20-page**   37::25 | | **adjudication** | **amended**   21::10 |
| **20th**   23::1,, 3 | **9** | 11::3 | **amending** |
| 25::1 | **9:30**   24::4,, 8,, | **administrator** | 24::24 |
| **21st**   23::1,, 3 | 11 | 3::5  42::12 | **amount**   5::21 |
| 32::18  36::8 | **9th**   23::12,, 18 | **admit**   8::14 | 6::24  7::4 |
| 37::5 | 37::15,, 17 | 9::1 | 13::20  14::19,, |
| **22**   25::24 | | **admitting** | 25  35::10 |
| **24**   30::11 | **A** | 13::13 | **ample**   21::13 |
| **26th**   23::4 | **AAA**   3::5  29::1 | **advanced** | **Amy**   3::3 |
| **2:13**   46::25 | 31::5 | 20::12 | **answer**   4::22 |
| | **ability**   10::19 | **advancing**   5::1 | 20::17  45::25 |
| **3** | 34::25 | **affirmative** | **anticipate** |
| **30**   26::6  45::8 | **able**   10::16 | 4::22  5::2 | 20::5  24::24 |
| **30(b)6**   28::12 | 25::11  31::24 | 20::14,, 17,, 18 | 39::2 |
| **33**   21::2  32::13 | 35::1,, 7  46::15 | 24::22  25::9 | **anybody**   26::6 |
| **34**   20::25 | **above**   46::17 | **afternoon** | 34::20 |
| **35**   20::25 | **absolute**   8::18 | 46::8 | **anyone**   14::23 |
| **3rd**   25::14 | 12::1 | **agree**   3::21 | 18::13  29::20 |
| | **absolutely** | 11::14  12::14 | 35::22 |
| **4** | 10::17  11::23 | 14::25  15::2,, 11 | **apologize** |
| **45**   26::6  28::1 | 12::8  23::13 | 29::24  30::5 | 9::17 |
| | 25::12 | 34::16,, 18,, 24 | **apparently** |
| | | 35::8,, 11,, 23 | 7::25  30::21 |
| | | 44::7 | **applicable** |
| | | **agreed**   3::22 | 5::22 |
| | | 5::18  22::11 | **applied**   25::19 |
| | | 27::13  28::5 | **apply**   25::15 |
| | | 32::4,, 8  42::17,, | **appreciate** |
| | | 22,, 23 | 18::3  24::3 |

36::13  46::13,,
20
**appreciating**
19::7
**appropriate**
19::21  32::22
36::11
**April**  25::14
**arbitration**
4::10  8::23
14::14  25::15,,
16  26::1  27::18
43::21,,24
44::16
**arbitrations**
36::4
**arbitrator**
3::2,,3,,14,,23
5::11  7::22
8::1,,4  10::22
11::18,,20  13::1
14::2,,18
15::12,,24
16::12,,19,,23
17::4,,24  18::2,,
11,,20  19::12,,
24  21::2,,21
22::7,,24  23::17
24::1,,4,,14
25::3,,13,,22
26::24  27::3,,
14,,21  28::6,,
17,,20  29::5,,22
30::3  31::13,,17
32::5,,9,,14,,16,,
19,,25  34::3,,15
36::13,,23
37::5,,16,,24
38::14,,25
39::12  40::3,,15
41::12,,16
42::4,,8,,18,,24
43::4,,7,,10,,20
44::1,,9,,19
45::2,,6,,18
46::3,,10,,13
**argue**  8::19
11::10

**arguing**  8::25
35::6
**argument**  11::1
33::18
**arguments**
10::24  33::10
34::22  35::2
36::5,,18  41::8
**around**  31::13
45::19
**arrange**  43::6
**asked**  44::5
**asking**  19::13
20::15
**assess**  7::9
**assessed**  6::9,,
10  9::25  16::17
17::3
**assessment**
34::18
**assume**  4::17
22::7  24::8
33::1
**assuming**  24::7
40::14  42::24
**attach**  16::6
**attention**
28::23,,25
**attorney**  6::24
7::2  11::25
**attorney's**
5::23  7::8,,14
8::8,,19,,22  9::6
11::25  12::13,,
25  13::12,,22
14::16  26::17,,
21  27::7,,20,,23
42::19
**August**  22::16,,
21,,22  30::19
**availability**
23::25
**avoid**  37::17
**award**  5::19,,24
6::16,,22  7::12
8::15  9::4
12::19,,22

13::12  14::6,,9,,
12,,20,,24
17::12  27::23
42::20  43::19
44::18,,22  45::8
**awarded**  12::1
**awards**  27::20
**aware**  11::17

_____

**B**

**back**  6::7  8::25
10::4,,25  12::12
13::3  14::3,,10
17::9  18::11
20::3,,15  21::9
23::2,,3  27::25
30::20  42::4
**backtrack**
30::23
**backwards**  4::1
19::25  21::7
**band**  38::5
**based**  14::6
30::1
**basically**
8::13,,16  35::7
**basis**  18::16
**bear**  6::25
41::18
**beginning**
40::19
**behalf**  3::20
21::19  22::18
24::23  26::8
28::3  32::2
38::23  41::11
42::14,,21
43::16
**belief**  4::11
12::15
**believe**  6::17
13::24  19::7
20::25  27::8
29::14  43::17
**believer**  26::1

**believes**
35::13
**better**  22::13,,
21,,24  35::9
**bifurcate**
27::12
**bifurcated**
26::25  27::4
**billing**  26::19
**bit**  19::25
20::12  23::8
29::11
**boggling**  6::3
**booked**  22::19
**brief**  20::8
32::11,,14,,16
37::6  38::17
**briefing**  4::13
6::23  19::8,,17,,
19,,23  21::13
29::2  30::18
31::1  32::13,,
23,,24  34::14
36::8
**briefs**  30::16
36::19  38::2,,14
**bring**  27::9
28::22,,25
30::19
**brings**  20::15
**brought**  8::11
**Broward**  23::6,,
15
**bunch**  37::21
**burden**  20::7
**business**  6::5,,
13,,14  10::7
15::20  17::20
**busy**  30::21

_____

**C**

**Cab**  6::9
15::14,,17,,22
16::9,,20  17::1,,
22  26::14

call  8::12
    40::11  45::23
called  39::16,,
    23  44::6
candidly
    13::22  22::12
care  10::1
case  3::4,,5,,24
    4::23,,25  7::1
    9::22  10::9
    11::18  12::1
    14::5  15::13
    20::6  23::8,,12,,
    14,,15  24::24
    25::10  26::4
    29::10,,19
    36::3,,7  38::4,,
    11  42::12
    43::25  46::15,,
    19
cases  6::19
    10::16  12::16
    13::23  14::14
    38::8
caution  32::18
caveat  23::22
cert  41::7,,9
certain  44::2
certainly  4::8
    11::14  20::6
    22::9  40::24
chance  24::10
chargeable
    14::17
charged  7::13
    10::6  13::21,,25
    16::17
choice  14::5
circulate
    12::3,,4
circulated
    14::13
cite  33::15
cited  38::11
cites  43::22
CLA  11::21
    12::9  15::7

claim  9::11
    10::2,,20
claimant  3::6,,
    20  6::9  7::6,,20
    9::22  10::2,,14
    11::2,,20  12::13
    13::20,,21  14::8
    17::14  19::22
    24::23  26::8
    27::9  28::3
    29::12  32::2,,23
    33::5,,24  34::8,,
    9  35::17  37::1
    38::24  42::14,,
    21  43::16
    44::16
claimant's
    4::11,,21  5::20,,
    24  6::5  7::2
    17::19  18::4
    28::8  30::4
    33::2,,13  41::11
    44::17
claimed  8::6
claims  4::10
    21::10  24::21
clarify  26::11
clear  10::25
    11::17  17::18
    18::7  21::15
    40::18
clearer  21::18
client  7::12
    9::10,,15  10::1,,
    2,,5  12::10
    13::14  14::17
    15::4,,6,,8,,11
    16::6  18::7
    20::23  35::8,,24
    45::23
client's  5::7
    13::17  18::8
    23::23
clients  35::4
close  31::6,,17
    32::10  37::18
    38::19  39::19
    45::10

closed  45::9
closer  22::14
clued  43::4
coast  15::16
collect  6::12
come  14::4
    19::10,,17,,19
    35::21
comes  14::23
    26::12
communication
    42::10
company  15::15
competing
    36::5
complaint
    25::18
complete
    30::25  40::8
completely
    15::21  34::23
    35::6
complicated
    34::14
compromise
    46::17
concede  8::19
    9::2,,19  10::7,,
    15  13::18
    17::13
conceded  8::5
concedes  9::3
conceding  7::1
    9::12
concern  25::12
    39::21
concerns  11::2
    16::10  38::15
concession
    10::11,,18,,21
    12::14,,19  13::5
    14::21
concise
    44::13,,21  45::6
concluded
    39::14  46::25

conditions
    8::11
confer  7::5
    28::24
confidentialit
y  8::13
confirm  18::5
    23::24  32::23
confused  13::2
    15::4
connection
    14::18
consumer  8::6,,
    8  11::6  25::24
    44::20
contemplate
    20::9
contemplated
    21::22  36::25
    43::15
continue  6::19
continued  6::4
convivial
    46::16
copies  38::2,,
    3,,4,,10
copy  29::1
    43::8
corporate
    5::5,,9  20::22
    24::18  28::8,,13
    29::6  30::6
correct  5::13
    15::25  18::1
    22::8  25::17,,20
    41::14  43::8,,9
correctly
    17::6
cost  7::2  10::9
costs  8::22
    9::21
counsel  5::25
    7::6  10::14
    11::19  18::5
count  25::19
counterclaim
    25::9

counterclaims
21::5  24::21
County    23::6,,
  15
couple    25::7
  30::20  31::20
course    8::1
  18::19
court    3::2,,11
  5::12  14::18
  24::17  42::25
cover    23::13
  36::20  38::15
covered    6::21
  36::19
COVID    42::5
craft    26::2
crafting    31::8
crash    23::7
credit    6::9,,10
  9::24  10::14
  13::13  14::15
  15::16,,17,,21
  16::1,,4,,25
  17::18,,22
  19::10,,17
  21::20  32::24
  34::9
Credit's
  26::13
cross    4::18
customer    10::3
  13::24  16::4
customer's
  6::16
customers
  6::6,,13
Cyber    43::12

_____

D

damages    5::20
  6::16  8::7
  10::16
dark    4::24
date    4::14,,20
  11::11  18::24

19::21  20::1
21::8,,9,,10,,14
31::20  37::18
38::20  39::3,,4
45::9
dates    18::13,,
  14  21::6
day    8::3  11::12
  16::9  22::8,,10
  23::12  34::20
  46::6
days    24::25
  26::6  28::1
  32::10  38::21
  42::5  45::8
deadline    20::4
  21::12  24::20
  25::2  26::4
  31::1,,2,,6
  36::11  39::24
  40::12  41::1,,7
deadlines
  30::24  36::24
dealer    6::8
  7::13  9::24
  10::4  13::25
  16::17  17::3
dealers    6::10
debating    7::3
decide    13::10
  19::2
decided    8::10
decision    9::11
  10::9  11::18
  12::10,,18,,20
  13::14,,15  14::4
  21::14  43::21
  44::13
declared    45::9
defendant
  15::13  20::16
defendant's
  16::16
defenses
  4::23,,24  5::2
  20::14,,17,,18
  21::5  24::22
  25::9

defer    43::25
demand    7::7,,8
  8::22
denied    4::18
  6::17  7::16
  17::21
deny    7::21
depends    32::25
depo    28::8
  29::6  30::4
deposing
  29::20
deposition
  5::5,,7,,9  7::17
  20::22,,23
  28::13  29::11,,
  18  30::6
depositions
  6::2  29::15
  31::3
depriving
  36::17
described
  12::7
designate
  33::20
desire    6::19
  10::7  35::10
desolate
  37::12
determination
  13::9,,11
determine
  17::11
determined
  5::21  14::17
different
  10::10  34::23
  35::6
direct    42::10
directed    5::23
disagree
  28::22
disclose
  40::12
disclosure
  11::7  39::3,,9,,

10,,15  40::25
disclosures
  38::25  40::6
discovered
  40::11
discovery    5::3
  6::1  7::15
  21::10,,11
  25::23  26::2
  30::25  31::2,,6,,
  18,,25  32::10
  39::18,,19,,22
  40::8,,9,,19
discuss    43::18
discussed
  4::3,,5  38::1
  42::18
discussion
  4::9  18::12
discussions
  3::25
disposal    38::7
dispose    18::18
disposition
  4::17  34::21
  35::4,,5
dispositive
  4::13  18::14,,
  16,,23,,25  19::1
  20::4  21::3,,12
  30::17  31::21
  32::6,,15  33::2,,
  5,,6,,9,,17
  34::12,,25
  36::2,,10  37::20
dispute    4::19
  8::7  9::6
dissatisfy
  6::6
dissatisfying
  6::13
docket    23::6
documents    4::7
  27::8  30::7
doing    13::23
  27::1
Doral    11::19

double-check
44::1,,12
draft    25::5
46::5
due    4::18

_____

E
_____

e-mail    28::25
42::10  45::18
e-mailed    38::3
eager    5::6
east    6::9
15::14,,16,,17,,
22  16::9,,20
17::1,,22
East's    26::14
easy    38::5
economy    36::15
effectuate
31::3
efficiency
36::16
efforts    33::25
eight    31::20
38::21
either    9::3
11::12  17::13
20::5,,25  22::13
23::21  27::22
29::2  34::7,,22,,
24  40::10
encourage
28::23
end    10::4
11::11  16::9
17::11  34::20
41::21
engage    11::4
enter    8::15
12::22  14::6,,9
15::8  17::12
entered    6::23
9::4  14::13
entirety    5::19
6::16  7::1

entitled    8::6,,
9  11::3  19::9
entitlement
9::21
entity    15::15,,
17,,22  17::2
err    32::17
essentially
15::21  34::13
established
27::19
event    18::24
22::2  40::5,,10
everybody
19::3  24::9
42::5
everyone    3::15
10::8  24::11,,15
39::6
everyone's
31::22  33::25
34::13  37::11
evidence
20::24
evident    39::1
evidentiary
4::14  39::24
40::13
exact    11::21
33::10
exactly    12::7
excess    38::10
exchange
25::22,,23  26::5
27::25  28::2
39::5,,13  40::7
41::13  42::11
exclusive
37::25
Excuse    9::17
exhibit    39::25
40::13  41::2,,13
exhibits
37::25  38::11
39::10  40::21
41::8,,19,,21,,24

expect    27::4
expected
39::16  45::12
expediency
10::10  41::6
experience
30::1
expert    27::10
experts    39::15
explain    30::14
extended    7::13
extends    15::16
extension
31::23
extent    5::22
extra    27::17

_____

F
_____

fact    4::16  9::1
35::23  44::15
factual    4::19
failed    11::7
fair    31::4
39::5  45::5
fairly    44::2
fairness
40::25
faith    46::18
familiar    26::3
fancy    41::17
far    24::7
faster    44::5
federal
25::15,,19
fee    6::24  7::3
11::25  27::7
42::20
feel    3::9
18::22  41::25
43::10,,20
feels    8::2
12::10
fees    5::23
6::8,,11,,19
7::8,,14  8::8,,

19,,22  9::6,,21,,
24  10::3  11::25
12::13,,25
13::12,,22,,25
14::16  16::18
17::3,,19
26::17,,21
27::20,,24
Feygin    3::6,,20
4::7,,8  7::24
8::2  9::16
10::23,,24
11::23  12::5
15::1,,6  16::7,,8
18::6,,15,,19
19::4,,15  20::6,,
10,,11  21::17
22::4,,9,,18
23::21  24::13,,
23  25::17,,21
26::8,,25
27::14,,16
28::3,,6  29::22,,
24  30::23
31::10,,16
32::2,,7,,12,,15,,
17  34::19  37::9
38::12,,23
39::8,,20  40::5,,
18,,23,,24
41::10,,15
42::3,,7,,14,,21
43::3,,16,,23
44::15,,25
45::5,,13,,15,,22
46::9,,11,,22
figure    24::24
41::23  42::5
file    19::8,,23
20::7,,8,,16,,17
30::14  33::3,,
12,,17,,23
34::12,,25
filed    4::23
20::5
filing    19::11
33::5,,18  36::2,,
3  37::2  41::9

Arbitration

March 13, 2024

6

final    4::14,, 19
11::3  39::25
40::1,, 13  41::2,,
3,, 13
finalized
46::5
find    9::10
18::17  31::7
37::3  41::16
finding    40::20
finds    8::16
fine    5::8  22::6
24::9  28::16
32::3,, 21  35::20
36::7  41::4,, 10
42::10
finish    31::25
firm    26::1
first    19::8,,
11,, 16,, 18,, 25
20::8  21::8
26::18  28::24
30::13  31::25
32::11,, 23,, 24
33::20  34::8
35::13,, 24  37::1
39::9
folks    15::20
following
23::4
forcing    9::20,,
22  12::10
Ford    6::8,, 10
8::5,, 10,, 17,, 18
9::1,, 3,, 4,, 7,, 23
10::14  11::5,, 12
13::13  14::15
15::6,, 9,, 10,, 13,,
15,, 17,, 21
16::1,, 9,, 25
17::18,, 22
19::10,, 17
21::19  26::13
32::24  34::8
35::13
foreclose
40::20

form    14::13
31::5  41::17
formally    5::2
format    4::5
31::11
forth    20::8
40::14
forward    6::20
36::15  46::7
found    11::20
44::10
four    29::9,, 12,,
15,, 21,, 25
30::2,, 9
frame    4::4
38::18
framed    33::10
frankly    29::16
44::22
free    3::9
fresh    25::10
Friday    37::13
front    23::23
43::24
fulfill    25::11
future    10::16

_____

**G**

gate    27::17
gave    43::3
generally
26::24  41::1
44::20
getting    3::17
4::12  20::12
24::17  38::19
40::22
give    7::7
12::11  21::12
24::9  31::6
44::23
given    4::2
25::25  37::13
going    3::15,, 16
4::1,, 6,, 17,, 24
5::1  8::15

12::16  13::10
15::20  17::21
18::15  19::24,,
25  20::24
21::4,, 6,, 12,, 16
22::15,, 17,, 21
24::9  26::17,,
18,, 19,, 22
28::18  29::10,,
24,, 25  30::8
31::15  33::9,, 14
34::1  35::2
36::20  37::1,, 2,,
10,, 19,, 24
38::9,, 18  39::2,,
3  42::25
45::20,, 21
good    6::14
10::6  16::4
17::20  21::25
24::11  27::1
46::2,, 4,, 8
Google    38::5
great    22::13
Groundhog's
8::3
grounds    37::3
guess    15::3

_____

**H**

hand    35::22
handcuff    35::8
handle    10::3
26::22
hands    44::5
hang    5::11
23::2  44::9
45::16
hangs    45::22
happen    34::11
37::22  44::3
happily    25::10
happy    12::3,, 4
18::22  19::20
23::6  33::22
34::6  43::6

hard    34::24
35::11  38::3,, 10
hate    30::23
head    44::3
headed    18::5
hear    14::5,, 23
19::2  31::18
heard    14::22
17::6  35::19
hearing    3::18
4::4,, 5,, 15  5::18
6::22  8::4
11::25  12::25
13::12,, 22
14::10  17::10,,
11  19::3  20::1,,
2  21::8,, 14,, 25
22::2,, 5  23::14
24::8,, 15  26::13
27::22  29::3
30::15,, 19
31::20  37::18,,
22  38::20
39::17,, 24
40::1,, 2,, 13,, 14
41::3,, 19,, 22
42::1,, 2,, 20
43::1  45::9,, 10
46::25
help    38::15
helpful    30::24
hold    15::6
holder    16::22
honestly    13::1
Honor    5::15
hope    22::9
32::7
hopeful    36::14
46::17
hour    29::16
30::4
hours    29::9,,
12,, 15,, 17,, 19,,
21,, 25  30::2,, 9

**I**

identical
  33:: 14
ignored   8:: 24
imagine   24:: 6
  29:: 8  30:: 3
  43:: 14
impose   8:: 10
inappropriate
  10:: 17
incidences
  35:: 3
include   13:: 5
  14:: 20
included
  30:: 11
including
  39:: 15
incorrect
  11:: 24
indicates
  14:: 14
Indiscernible
  19:: 15
individuals
  39:: 19
information
  25:: 22,, 24  26:: 5
  28:: 1  39:: 5,, 13
  40:: 7
initial   8:: 4,,
  12  18:: 21  26:: 5
  28:: 2  32:: 13,,
  14,, 16  39:: 13
  40:: 6,, 7
injury   29:: 19
insert   41:: 17
intend   20:: 18
intended   27:: 9
intending
  20:: 6
interest   6:: 14
  10:: 6  17:: 20
interim   5:: 19,,
  24  6:: 15,, 22

7:: 12  8:: 15  9:: 4
  12:: 19,, 22
  13:: 12  14:: 6,,
  12,, 20,, 24
  17:: 12
interrupt
  9:: 18
involving
  11:: 18,, 19
issue   7:: 11
  13:: 14  26:: 22
  27:: 7  40:: 25
issued   6:: 25
issues   8:: 25
  18:: 18  38:: 16

**J**

Jenna   3:: 4
  42:: 12
Jessica   34:: 5
  45:: 19
job   34:: 13
Josh   23:: 17
  34:: 17  40:: 3
Joshua   3:: 6
judgment   6:: 25
  19:: 1  33:: 12,,
  16,, 23  36:: 9
July   21:: 24
  22:: 1,, 12,, 15,,
  17,, 19  37:: 7
  38:: 21  41:: 9,, 14
June   21:: 24
  22:: 13,, 19
  31:: 25  32:: 1,,
  10,, 11  36:: 8
  37:: 5  39:: 14
  40:: 8

**K**

keep   36:: 17
  46:: 18
Kennedy   3:: 7,,
  22  5:: 12,, 14,, 15
  9:: 9,, 17  11:: 16

12:: 3,, 6  13:: 4,, 8
  14:: 3,, 11  15:: 3,,
  14  16:: 1,, 13,,
  20,, 24  17:: 16
  18:: 1,, 3,, 10
  19:: 5,, 13,, 14,, 16
  21:: 19  22:: 3,, 6,,
  11,, 23  23:: 5
  24:: 2,, 3,, 12
  25:: 1,, 7,, 12
  26:: 10  27:: 2,, 9,,
  13  28:: 5,, 10,,
  11,, 19  29:: 4,,
  13,, 14  30:: 5
  31:: 4  32:: 4,, 8,,
  20,, 21  33:: 7
  34:: 6  35:: 20
  36:: 22  37:: 4,, 8,,
  10,, 23  38:: 13,,
  22  39:: 7
  40:: 15,, 17  41:: 4
  42:: 17,, 23
  43:: 2,, 5,, 6,, 9
  44:: 2,, 4,, 19
  45:: 13,, 21
  46:: 12,, 24
kind   4:: 1,, 23
  16:: 1  20:: 14
  34:: 23  44:: 11
knew   31:: 14
know   3:: 7,, 24
  8:: 3  12:: 23
  13:: 16,, 17
  18:: 14,, 17
  20:: 13  24:: 10
  25:: 15  26:: 20
  28:: 19  30:: 7,,
  10,, 20  32:: 22
  34:: 23  35:: 2,, 7,,
  13  36:: 15,, 21
  37:: 11  40:: 25
  41:: 23,, 24  42:: 9
  44:: 3  45:: 1
  46:: 16,, 18

**L**

lack   7:: 18

language   9:: 14
  11:: 22  12:: 6,, 7,,
  24
largely   33:: 19
late   24:: 9
law   12:: 2
  25:: 19  33:: 15
  38:: 4,, 11
laying   20:: 17
lead   4:: 7  34:: 4
  35:: 17
leads   39:: 22
lease   16:: 22
leases   15:: 15
leasing   11:: 6
  15:: 15,, 23
leave   20:: 24
  24:: 5  32:: 12
left   6:: 1
Legal   3:: 13
Lexisnexis
  38:: 6
liability
  8:: 5,, 14,, 19
  9:: 1,, 2,, 3,, 12,, 19
  10:: 8,, 11,, 15,, 19
  11:: 5,, 21  12:: 9,,
  15,, 20  13:: 5,,
  13,, 18  14:: 7,, 8,,
  21  15:: 11  16:: 6
  17:: 11,, 13,, 14
  18:: 9  19:: 18,, 20
  27:: 19
liable   8:: 14,,
  16  9:: 5  11:: 6,,
  13  17:: 23,, 25
liberty   25:: 25
lieu   33:: 16
limit   34:: 24
limited   5:: 3
limits   29:: 7
Lincoln   11:: 19
line   3:: 4
liner   45:: 1
link   24:: 15
list   39:: 25
  40:: 13  41:: 2,, 13

litigate 9::21
17::22
litigating
28::18
litigation
9::25 10::9
12::23 16::21
little 19::25
20::12 29::11
30::8 31::23
lived 42::4
longer 30::8
31::23
look 13::16
22::14,,20
33::14 36::14
38::7,,8 46::7
looking
21::23,,24 22::1
44::7
love 14::23

**M**

M-I-C-H-E-L-L-
E 3::12
Madam 3::2
21::17
made 6::11
7::21 11::17
15::5 34::22
35::2
maintain 16::3
make 5::13
9::10 10::8
11::7 13::14,,
18,,19 17::17
21::14 29::1
33::19 34::10
41::20,,22
makes 34::7
38::22 41::4
44::8
making 7::25
34::13
March 21::23
25::1

material
46::14
matter 17::10
18::25
matters 28::21
max 37::25
mean 4::17
12::9 13::4
15::18 18::3
29::18 36::21
44::20
means 12::5
14::9
meet 7::5
mention 43::18
mentioned 8::5
22::4
merit 18::18
merits 3::18
9::7 11::9
14::6,,10
17::10,,12 20::2
24::7 26::16,,19
42::20
Michelle 3::11
micromanage
29::10
mind 6::3,,25
mindful 36::18
missed 39::9
missing 43::11
misstatement
11::24 12::2
misunderstandi
ng 7::18
moment 11::10
25::4
money 6::5,,11
10::5 13::20
month 21::25
22::15
months 30::20
moot 10::19
morning 24::10
mother 16::24
motion 18::16,,
23 20::4 21::3,,

12 30::14,,17
32::6,,15 33::1,,
2,,5,,6,,12,,13,,
15,,23 34::12,,
25 36::2,,9,,10,,
12 37::20
motions 4::13,,
16,,18 18::15
19::1,,2 30::10
31::21 33::9,,17
Motor 16::1
move 7::14
12::20 30::25
31::13 35::13
moved 35::4,,5
moving 15::22
multiple
22::20
mutually
11::14

**N**

name 3::3,,10,,
11
named 9::25
15::13 16::21
nature 43::18
necessarily
14::11
necessary 6::3
7::15 14::1
23::7 29::1,,7
39::18
need 14::20
17::9,,15 18::4
23::24 27::6,,10
28::14 29::8
30::6 31::19,,23
38::9 41::19
43::12
needed 27::6
34::14
needs 12::24
43::13
never 8::11
14::22 44::22

newly 40::11
Nonetheless
6::12
notes 5::13
notice 28::13
number 7::10
26::16
numerous 9::12
10::10

**O**

objection
26::9 38::23
39::21
objections
28::14,,16,,18
obligation
11::4,,7 16::3
obviously 8::7
20::25 23::22
25::25 40::1
occurs 20::20
40::10
offer 6::25
17::21 18::21
19::21 23::11
offered 6::15
17::18
offers 7::19
office 37::11
offices 37::11
okay 3::23
5::14 7::22
8::17 14::2
15::24 16::12
17::4,,7 18::2,,
10,,11 19::5,,24
22::23,,24
24::4,,19,,20
27::2,,13,,14,,25
29::22 32::5,,
17,,20 34::3,,17
37::5 38::11
40::15 41::12,,
19 43::5,,10
44::25 45::8

46::3
once    20::20,, 23
    27::1,, 19
one    5::4,, 11
    7::3,, 10  8::12,,
    13  11::1  20::7
    22::7,, 10  23::22
    26::16,, 22  29::6
    31::7,, 8  33::2,,
    20  34::14
    36::19  38::16
    44::9,, 23
one-count
    25::18
one-day    23::14
one-man    38::5
ones    26::3
onwards    9::5,, 6
opening    32::11
    37::6
operational
    16::16
opinion    43::22
opportunity
    5::9  20::21
    35::18,, 19
    46::21
opposite
    35::23
order    3::17
    6::23  12::4
    13::11  14::8
    17::15  23::7
    28::21  30::12
    31::11  46::6
orders    43::14
original
    11::1,, 2  18::12
overlap    37::20
overthink
    45::4
overwrite
    45::4
owed    7::4
Owen    16::5

_____

**P**

_____

P-A-S-C-A-L-E
    3::5
p.m.    46::25
page    3::19
pages    38::10
paid    14::19
part    6::18
    9::10  22::16,, 17
    36::12,, 15  39::9
partial    15::8
participants
    24::19
particular
    4::10  16::6
    43::13
parties    11::13
    14::25  15::1
    16::16  25::17
    26::2  28::22
    33::16,, 17
    35::18,, 19
    42::24
partners
    23::10
party    9::14,, 25
    10::6  16::2,, 21
    20::5  30::1
    33::20,, 21
    34::22  38::16
party's    34::25
    38::17
Pascale    3::4
past    11::15
    25::7  35::3
path    17::7
pay    7::12  16::3
payment    14::15
perfect    41::5
perfectly    5::7
    41::10
periods    22::20
person    4::6
perspective
    26::14

phase    26::18,,
    23
pick    21::8
picture    21::15
place    13::3
    41::17
plaintiff
    19::8,, 19  22::19
    29::18  35::16
plaintiff's
    26::15
pleading
    20::19
please    3::10
    7::7  30::13
pled    5::2
point    5::20
    6::17,, 20  7::6
    8::21,, 24  9::3,,
    13  10::25
    11::15  12::18
    35::8  36::25
    46::2
portion    9::11
    13::15
position    4::11
    5::6  6::18  8::25
    12::17  13::17
    34::7
possible
    23::19
posture    19::10
potential
    7::17
potentially
    28::7  30::7
preclude    37::2
prefer    11::10
    22::5  23::19
    35::18  42::11
    44::16
preference
    42::15  44::17
prefers    42::16
preliminary
    6::22  23::14

premark    41::21
prepare    4::20
    5::23  6::15
prepared
    11::10  45::24
present    20::22
    42::25
presented
    7::20
pretend    13::16
pretty    10::25
    22::19  37::12
    39::1  43::11
prevailing
    16::11
previous
    20::15
prior    20::3
    30::1  39::19,, 25
    40::13
privacy    43::13
probably
    15::18  18::22
    23::11  27::7
    41::24
problem    26::7
    28::4  32::19
procedure
    18::23
proceed    5::14
    9::5,, 6  12::13,,
    25  13::11,, 21
    27::20  40::1
proceeding
    11::24  36::16
proceedings
    3::1  26::1
process    7::5
    39::22  40::9,, 19
    42::8
production
    5::4  20::21
    28::7  29::6
program    3::19
programmed
    5::17

prohibits
31::8
proof   18::21
propose   26::5
35::12
proposed   4::3
6::20  14::22
28::7
proposing
15::10  34::4
proposition
8::18
protective
43::14
prove   9::22,,23
14::8  17::14
provide   6::15
21::15  23::6
24::21  40::22
43::7  44::21
provided   5::24
8::21  14::12
providing
32::23,,24  36::8
provision
44::16
purposes
12::23
pursuant
25::24
push   32::18
put   18::21
20::7  25::3
28::20  29::7
31::5  37::24
38::18

_____

**Q**

qualms   16::10
quantum   8::8
question   7::14
16::9,,14  18::12
45::24
quick   5::12
quickly   31::14

quite   31::14
34::21  44::22

_____

**R**

R–U–S–S–O
3::12
raised   38::16
read   44::12
ready   3::15
32::5  37::22
reappear
12::16
reason   7::16
27::1,,16
reasonable
5::22  6::24  7::2
14::16  37::14
reasoned
44::18
reasons   9::12
10::10  43::22
44::14,,21,,23
45::7
recall   5::18
6::21  8::4
25::18
received
45::10
recognizing
3::8  33::8
record   7::25
10::15  18::6
31::12
records   26::20
reduce   33::25
35::10
reel   29::11
referring
32::12
reimburse
17::19
relate   42::9
related   28::11
relates   6::18
15::23

relationship
17::1,,2
remain   46::17
remains   5::21
rendered
12::18
replies   41::9
reply   41::7
reporter   3::2,,
11  5::12  24::17
42::25
representative
5::5,,10  20::22
representative
s   24::16,,18
representing
3::6,,7
reputation
16::4
request   20::15
30::14
requests   5::4
20::21  28::7
29::6
require   12::19
26::12
reserve   19::1
42::19
reserving
4::14
resolve   6::4
9::11  10::9,,20
17::18  27::6
37::19
resolved   4::12
18::25  22::10
28::15  46::19
respect   35::9
respond   7::25
31::2  33::21,,24
34::9,,12  35::1,,
25
respondent
3::8  5::1  20::16
21::1  33::4
34::9  37::2

respondent's
5::6  21::5
response
33::11,,13
35::14  36::12
37::6
responses
33::18
responsible
9::24  24::11
responsive
26::21
retention
26::20
return   10::5
reveal   40::9
review   5::25
right   3::14,,23
4::2  14::3
16::19,,23  17::8
21::21  22::25
24::14  27::15,,
21  28::17  32::9
33::11  36::23
37::16  40::22
42::3  44::9
45::6,,17  46::3,,
7,,11
risk   16::7
rough   37::9
roughly   12::12
rule   14::23
20::25  21::2
25::24  28::12
30::11
rules   44::20
run   23::24
running   37::17
Russo   3::12

_____

**S**

safe   29::17
saying   10::1
15::19  16::5,,15
34::1  36::14
39::14  40::18

says   14::25
schedule   4::13
   19::7  22::1
   23::23  27::11
   30::18  31::1
   32::6  33::4
schedules
   22::1  30::21
   31::22
scheduling
   3::17  6::23
   17::15  27::22
   28::21  30::12,,
   17  31::11
   42::19
scope   26::11
search   38::5
second   5::11
   22::22  44::10
   45::16
security
   43::12
see   9::7  15::3
   27::16  28::4,,12
   30::5
seek   20::24
send   24::15
   30::16  38::2,,3,,
   9  42::12  45::18
sending   37::21
sense   5::4
   33::19  34::8
   38::22  41::5
   44::8
separate   17::2
   27::22  36::9
separately
   27::11
Sergent   3::3
   5::16  9::9
   11::16  12::17
   16::14  18::4
serve   31::1
set   4::13,,20
   17::9,,15  18::23
   20::1,,3  21::9,,
   11,,15  24::14
   26::4  27::21

29::2  30::15,,18
   34::14  36::11,,
   19,,24  37::14
   39::3  43::21
setting   4::4
   18::24
settle   14::7
settlement
   9::15,,16,,20
   11::14  13::19,,
   20  15::9
seven   24::25
share   41::24
ship   16::24
short   38::18
shortly   27::23
sic   19::8,,19
   20::16  22::19
   26::15  35::16
side   16::16
   18::8  32::17
   35::5  40::10
sides   28::9
   30::9  34::11,,12
   37::21
sidestep
   15::10
sidestepping
   11::5  18::8
similar   33::14
simply   15::10
   35::14
simultaneous
   7::23
single   27::18
sir   27::15
sit   45::16
situation   8::3
   30::15
slow   42::8
sort   4::18  5::1
   7::17  9::14
   11::4  16::15,,16
   26::12  33::20
sounds   18::21
   19::5

speak   25::23
speakers   7::23
speaking   3::9
   41::1
specific
   44::11
spoken   27::5
square   11::1
stage   7::21
   10::5  13::16
stand   36::5
standard   9::13
stands   22::25
start   24::5,,11
   28::18
started   13::2
starting
   22::20  40::6
starts   23::9
step   6::7
stepping   16::2
steps   12::21
stipulate
   14::19
stipulates
   14::15
stone   4::20
stop   3::9
straightforwar
d   4::12  36::7
Strange   31::5
strangle
   23::11
string   35::22
strong   12::15
   46::14
strongly
   29::14
substantively
   25::20
succeed   18::17
sufficient
   24::5  28::9
   29::12,,25  30::2
   36::1

sufficiently
   18::7
suggest   12::22
   19::17,,19
suggested
   7::17
suggesting
   9::23  10::18
summary   4::16
   33::12,,16,,23
   34::21,,25
   35::4,,5  36::9
Support   3::13
supporting
   43::22
supposed
   23::15
sur-reply
   38::14,,18
sure   5::13
   13::8  15::19
   16::8  17::17
   19::14  28::11
   29::1  34::10,,19
   40::5  41::20,,22
   42::7  45::15
   46::9
surprise
   34::20  41::3

_____

                T

take   5::7,,9
   10::1  20::21
   23::8  29::2,,18
   31::23  34::4,,6
taken   13::15
takes   35::17
taking   6::7
   16::7
talk   3::15,,17
   18::24  24::20
   25::4,,23  30::12
   32::6
talked   45::14
talking   18::14
   22::3

**technically** 17:24 21:25
**telecommunicat ion** 4:15
**tell** 3:9,,16 5:17 18:16 26:25 29:9 41:20 44:21
**ten** 5:4 20:21 28:7 29:5 32:10
**terms** 14:4
**testimony** 27:10
**thank** 24:12 27:13 43:5 46:12,,22,,24
**there'd** 39:24
**thing** 5:20 13:6 15:12 35:21 43:17
**things** 7:1 21:4,,22 26:20 34:2 35:6 36:20 38:6 43:15
**think** 10:12,, 13,,24,,25 13:1,,9 16:13 17:5,,8,,15 18:4,,6 19:9,, 21,,22 20:11 21:22 22:4,,6,, 15 24:4 28:1,, 9 29:7,,12 30:24 31:9,, 17,,24 32:3 33:3,,8,,19,,24 34:1,,7 35:7,, 8,,24 36:10 38:15 39:1,,18 40:17 42:15 43:11 44:11,, 13 45:2,,15,, 17,,19,,22 46:1,,2,,4
**third** 9:25 10:6 22:22

**third-party** 10:15
**thought** 4:2 15:24,,25 27:5
**thoughts** 18:13 28:10 29:23 31:19
**three** 16:15 23:8
**three-day** 42:1
**three-week** 23:5
**thrilled** 31:10
**Thursday** 23:20
**till** 24:8
**time** 4:4 21:9,,13 23:2,, 4,,16 24:5,,6,, 11 25:5 29:7 32:22 37:19 38:18 39:17 41:7,,9 46:23
**today** 11:22 12:8 24:25
**ton** 39:2
**top** 44:3
**topics** 28:11,, 13
**totally** 17:2 35:9
**traditionally** 45:11
**transcript** 43:8 45:11
**traveling** 30:21
**trial** 21:8 22:20 23:5,,7,, 10 30:21 31:22
**tribunal** 29:25 42:16 43:25

**trip** 22:17
**trouble** 3:8
**try** 30:13 36:18
**trying** 6:6 21:7 23:15 25:5 33:25 35:22 36:16 37:17,,21 41:16 42:5 44:4
**Tuesday** 23:20
**turn** 6:19 42:1
**two** 7:1,,11 26:16 27:3 29:17,,19 30:4 36:20 37:6 41:20 42:9 45:1 46:6
**two-hour** 42:1
**twofold** 26:15
**type** 8:3 25:5
**types** 43:15

---

**U**

**U.S.** 3:13
**ultimately** 13:9 33:9 35:17
**unclear** 36:1
**undeniably** 11:5
**underlying** 14:4
**understand** 3:16 7:11 10:13 13:6 16:8,,14 17:4 19:13 21:3 34:16 35:10 36:4,,5 40:17
**understanding** 7:18 10:12 19:6 36:25 41:8

**understood** 15:25 17:16 29:4 33:7 34:10 37:4,,23 38:13 39:7
**undertake** 27:16
**unequivocally** 8:6
**universal** 36:24
**Unsuccessfully** 42:7
**unwilling** 15:8
**utilize** 10:16

---

**V**

**video** 4:6 22:3
**view** 4:21
**violations** 15:7
**Virgo** 45:3

---

**W**

**walk** 23:3
**want** 5:13 7:22 10:5 11:9 15:4,,18 16:3 17:17 18:7 19:2,,14,, 16,,18 23:13 24:9 26:10 28:12,,24 29:17 31:18 35:21 36:1 37:20 41:5,,6,, 12 44:25
**wanted** 11:13 34:10
**warranted** 6:2 12:11
**way** 4:12,,16 15:19 16:5

20::9  22::21
35::15  41::2
44::23  45::11
**ways**   8::17  9::8
11::12
**Wednesday**
23::20
**week**   22::14,, 22
23::4,, 18  31::25
**weeks**   23::8
25::7  31::20
37::6
**welcomed**   21::1
**went**   17::5
44::23
**Westlaw**   38::6,,
9
**withholding**
28::15
**witness**   38::25
39::25  40::12
41::2,, 13
**witnesses**
24::18  39::2,, 4,,
10,, 11,, 15,, 23
40::9,, 11,, 21,, 22
**witnesses'**
41::8
**work**   19::25
20::2  21::7,, 9
24::1  27::17
28::25  30::13
33::25  35::10
37::21  46::5,, 15
**working**   46::8
**wrap**   35::14
**writing**   43::22
**written**   30::10
31::2  44::13,, 22
45::7
**wrong**   3::16
15::19,, 21,, 25
17::7  25::17
29::9

_____

**Y**
_____

**Yeah**   18::2
22::9,, 18  23::21
31::10,, 16  34::6
39::20  40::24

_____

**Z**
_____

**Zoom**   4::15
22::5  24::15
41::22,, 24