# EXHIBIT F

# REPORT OF PRELIMINARY MANAGEMENT HEARING AND SCHEDULING ORDER

Case Number: 01-23-0002-7602

Rosemary Owen
-vs-
CAB EAST, LLC d/b/a Ford Motor Credit Company, LLC

Pursuant to the Consumer Arbitration Rules of the American Arbitration Association (AAA) a telephonic Preliminary Management Hearing was held on **March 13, 2024 at 1:00 p.m.**, before Arbitrator Amy L. Sergent.

The following attendees participated in the Preliminary Management Hearing:

    For Claimant:  Joshua Feygin, Esq.

    For Respondent(s):  Jessica Marie Kennedy, Esq.

**By agreement of the parties and/or by Order of the Arbitrator, the following is now in effect:**

1. **Hearing**:

   A **videoconference evidentiary hearing** in this matter will commence before the arbitrator(s) on **September 11, 2024** at **9:30 a.m.** via Zoom. The Arbitrator will set up the Zoom conference hearing and send the link to the party representatives. The parties must provide the hearing information to all required participants and are encouraged to provide a schedule detailing the order in which participants and witnesses will be called upon.

       The following additional services to be used:

         \_\_\_\_\_ AI-Powered Transcription

         **_X_** Stenographic Court Reporting to be arranged by Respondent

         \_\_\_\_\_ Document Translation

         \_\_\_\_\_ On-Demand Interpreter

   This is a firm setting, and will not be changed or continued absent exceptional circumstances, upon a showing of good cause. If it is deemed necessary by the parties and for good cause shown, the format for the hearing on attorneys' fees may be changed to an in-person or videoconferencing evidentiary hearing.

2. **Claims/Counterclaims** (Consumer Rule R-8)

   The Claim is currently identified as: **$3,877.00 plus attorneys' fees, costs and interest**.

   The Counterclaim is currently identified as: _____.

   Claims shall be amended by **March 20, 2024.**

   Counterclaims and Affirmative Defenses shall be amended/specified by **April 3, 2024,**

Responses, if any, to new or different claims/counterclaims are due fourteen (14) calendar days from the date the AAA notifies the parties it received the new or different claim/counterclaim.

3. **Applicable Law**

The Federal Arbitration Act will apply in this arbitration, and Federal law will be applied substantively to this arbitration.

4. **Exchange of Information** (Consumer Rule R-22)

No later than **May 1, 2024**, the parties shall complete their initial exchange of information. The parties are to exchange the following:

   Ten (10) Requests for Production per side

   One (1) deposition of the corporate representative, not to exceed four (4) hours

   One (1) deposition of Claimant, not to exceed (4) hours

The exchange of information shall be concluded by **June 7, 2024**.

No other exchange of information beyond what is provided in section (a) of R-22 is contemplated under the Consumer Arbitration Rules, unless an arbitrator determines further information exchange is needed to provide a fundamentally fair process. The arbitrator has the authority to resolve any disputes between the parties about exchanging information.

5. **Written Motions** (Consumer Rule R-24)

The arbitrator may consider a party's request to file a written motion (other than a dispositive motion) only after the parties and the arbitrator conduct a conference call to attempt to resolve the issue that gives rise to the proposed motion. Only after the parties and the arbitrator hold the call may the arbitrator consider a party's request to file a written motion. The arbitrator has the sole discretion to allow or deny the filing of a written motion, and their decision is final. The parties are encouraged to meet and confer in good faith before requesting a motion be filed.

6. **Dispositive Motions** (Consumer Rule R-33)

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues of the case. Dispositive motions should be filed before the scheduled hearing(s). The arbitrator may determine that a dispositive motion will be heard at the hearing.

Briefing Schedule for Leave to file a Dispositive Motion or Dispositive Motion (leave approved):

   The opening brief will be filed and served on or before **June 21, 2024**, not to exceed **20** pages in length, exclusive of exhibits.

   The reply brief will be filed and served on or before **July 9, 2024** not to exceed **20** pages in length, exclusive of exhibits.

   The sur-reply brief will be filed and served on or before **July 17, 2024**, not to exceed **15** pages in length, exclusive of exhibits.

7. **Witnesses and Exhibits for Hearing**

   No later than **May 7, 2024** the parties shall serve and file a disclosure of witnesses, including any experts reasonably expected to be called at the hearing. The disclosure of witnesses shall include the full name of

each witness and a summary of anticipated testimony. If certain required information is not available, the disclosure shall so state.

The parties will exchange final witness and exhibit lists no later than **July 17, 2024.**

8. **WebFile® Hearing Exhibits**

The parties and arbitrator(s) may agree to utilize the WebFile® Hearing Exhibits space to transmit hearing exhibits instead of exchanging hard or electronic copies. The arbitrator will activate the use of this space. Hearing exhibits, including any joint exhibits, are due no later than _____.

- The AAA does not require a copy of the hearing exhibits and will not maintain these exhibits within the case file.
- Each party shall bring sufficient copies to the hearing for the arbitrator(s), the other party, and the witness.
- The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits.
- Each proposed exhibit shall be pre-marked for identification using the following designations:

| Party | Exhibit # | To Exhibit # |
|---|---|---|
| Claimant | C1 | C_____ |
| Respondent | R1 | R _____ |
| Joint | J1 | J_____ |

9. **Attorneys' Fees and Costs Submissions**

The Parties have until a date set by the Arbitrator after the Final Hearing, to file and serve any documentation supporting or evidencing only the amount of attorneys' fees and costs they seek to recover in connection with this arbitration.

The Parties have until a date the Arbitrator after the Final Hearing, to file and serve any documentation disputing the amount of attorneys' fees and costs sought in connection with this arbitration.

No other evidence and no legal arguments may be included in the submission unless requested by the arbitrator after the hearing.

10. **Award** (Consumer Rule R-43)

Any award shall be in writing and executed in the form and manner required by law. Unless the parties agree otherwise, the award shall provide concise written reasons for the decision. The arbitrator shall decide any disagreements over the form of the award.

> In an evidentiary process (in-person, telephonic, virtual, or hybrid hearing is held), the award shall be issued no later than 30 calendar days from the date the hearing is declared closed by the arbitrator.

11. **Email Communication with the Arbitrator**

__X__   Email Communication with the arbitrator will be conducted by direct exchange.

Email correspondence shall be submitted to the arbitrator with a copy to other case participants and the AAA Case Administrator. The arbitrator may communicate with the parties and will also send a copy of the communication to the AAA. Emails for the arbitrator shall be sent to:

> Amy L. Sergent, Esq.
> 5015 Kestral Park Drive
> Sarasota, FL 34231
> Via Email to: amysergent@gmail.com

IN ADDITION TO ELECTRONIC SUBMISSIONS, THE PARTIES ARE REQUIRED TO PROVIDE THE ARBITRATOR WITH PRINTED, HARD COPIES OF ANY BRIEF OR MEMORANDUM IN EXCESS OF 15 PAGES, ALONG WITH COPIES OF ANY REFERENCED EXHIBITS AND ANY CITED CASE LAW THAT IS NOT EASILY RETRIEVABLE BY WAY OF A SIMPLE GOOGLE SEARCH.

There shall be no direct oral or written communication between the parties and the arbitrator(s) except as contemplated by this order. Any communication to the arbitrator(s) shall be copied to the AAA.

12. **Cybersecurity and Privacy**

Having reviewed the *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy* and discussing what specific precautions might be required concerning cybersecurity, privacy, and data protection to ensure an appropriate level of security for this case, the following measures, if any, shall be implemented:   **None at this time.**

13. **Disclosures of the Arbitrator**

Each party and counsel has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator the information necessary to allow him/her/them to comply with his/her/their ongoing duty of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association.

Counsel, for themselves and each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration.

Any issues concerning the disqualification of the arbitrator shall be raised promptly with the AAA.

All deadlines stated herein will be strictly enforced and adhered to avoid unnecessary delay and ensure an expeditious and fair resolution. The hearing date(s) and deadlines will not be changed or continued absent exceptional circumstances upon a showing of good cause.

This order shall continue in effect unless and until amended by a subsequent order of the arbitrator.

|  March 20, 2024 | *Amy L. Sergent, /es/* |
|---|---|
| _____ | _____ |
| Date | Amy L. Sergent, Arbitrator |