UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROSEMARY OWEN,                    CASE NO.:  2:23-cv-328-SPC-NPM

     Plaintiff,

vs.

CAB EAST, LLC, d/b/a FORD
MOTOR CREDIT COMPANY, a
foreign Limited Liability Company,

     Defendant.

_____/

## DEFENDANT, CAB EAST, LLC'S, MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS

Defendant, CAB East, LLC, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Local Rule 7.01, hereby file this Memorandum of Law in Support of the Bill of Costs filed concurrently herewith in the above-captioned case.  This memorandum offers support for those costs sought to be taxed.

### I.  PERTINENT FACTS

This suit arises out of a Motor Vehicle Lease Agreement and subsequent purchase of the leased vehicle by Plaintiff, Rosemary Owen. On May 10, 2023, Plaintiff filed suit against CAB East, LLC claiming a violation of the Consumer Leasing Act. Plaintiff alleged that she was charged undisclosed fees when she purchased the vehicle in contravention of the Consumer Leasing Act. On July 6,

1

2023, this Court issued an Order compelling arbitration and issuing a stay of this suit. *See* DE 13.  As a result, Plaintiff immediately filed a Demand for Arbitration with the American Arbitration Association ("AAA"). CAB East incurred costs for the filing of Plaintiff's claim in AAA.

Throughout the arbitration proceeding, Plaintiff often took a litigious, contrarian approach. For example: Plaintiff sought unsuccessfully on more than one occasion to strike CAB East's Affirmative Defenses, Plaintiff objected to CAB East's request to serve a records subpoena on the auto dealership that sold her the subject vehicle, Plaintiff served a notice of taking a corporate representative deposition with forty five areas of inquiry on case involving a couple of statutory provisions and $3,877.00 in claimed damages, and objected to CAB East's efforts to narrow the scope of the corporate representative deposition. All of Plaintiff's objections ultimately necessitated multiple Arbitrator mandated conferences and subsequent hearings before the Arbitrator. In the end, despite Plaintiff's objections, the Arbitrator denied Plaintiff's motion to strike CAB East's affirmative defenses, issued the records subpoena requested by CAB East, and narrowed the scope of the corporate representative deposition.

The Arbitration proceeding was resolved on summary disposition in favor of CAB East. CAB East obtained a favorable result after extensive briefing in which deposition transcripts were cited and the documents obtained from the dealership

were heavily referenced for support. On October 4, 2024, this Court issued an Opinion and Order confirming the Arbitration Order on Summary Judgment and directing the Clerk to enter judgment in favor of CAB East, LLC and against Rosemary Owen. *See* DE 24. Thereafter, on October 7, 2024, the Clerk issued a Judgment and directed that any motions seeking an award of attorney's fees and/or costs must be filed within the time frame prescribed by Local Rule 7.01. *See* DE 25.

As the prevailing party in this action, and as required by the rules, CAB East concurrently files herewith its verified Bill of Costs. Attached to the Bill of Costs is a chart of the costs, outlining those costs permitted by 28 U.S.C. §1920, and a composite exhibit including all of the applicable invoices.

## II.    MEMORANDUM OF LAW

Federal Rule of Civil Procedure 54(d)(1) states that costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "The rule creates a strong presumption in favor of awarding costs." *Pirate Water Taxi, LLC v. Tampa Water Taxi, Co. LLC*, Case No.: 8:22-cv-1878-KKM-NHA, 2024 U.S. Dist. LEXIS 82426, *2 (M.D. Fla. 2024). A court must only award costs consistent with what Congress outlined in 28 U.S.C. § 1920. *Id*. This includes: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses;

3

(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. *Id*. at *3 (citing 28 U.S.C. § 1920). "The prevailing party bears the burden of submitting a request demonstrating the costs incurred in the case and the party's entitlement to them." *Id*. (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)).

### A. Subpoena cost.

As explained above, CAB East subpoenaed the auto dealership that sold the subject vehicle to Plaintiff. This was critical because Plaintiff alleged that she purchased the leased vehicle, and that the dealership charged her undisclosed fees in violation of the Consumer Leasing Act. The dealership that CAB East subpoenaed was the only entity that had the full dealer file documenting the purchase of the leased vehicle. Indeed, as a result of this subpoena, CAB East obtained pertinent information that was relied upon to request summary disposition in its favor. Therefore, this subpoena was relevant and necessary for the defense of this case.

Florida District Courts have held that section 1920(1), "read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal Service effectuate service." *Lopez v. Zoll Servs., LLC*, Case No. 21-cv-22433-JEM/Becerra,

4

2024 U.S. Dist. LEXIS 3708, at *4 (S.D. Fla. Jan. 8, 2024) (quoting *James v. Wash Depot Holdings, Inc*., 242 F.R.D. 645, 649 (S.D. Fla. May 14, 2007). At the time service of process occurred in this case, the Marshal Service fee was $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3). The costs outlined in the Bill of Costs chart (Exhibit A to the Bill of Costs) includes the costs of the service of the subpoena by the private process server that CAB East paid; this cost totaled $45.00. Thus, this cost is within the rate that is recoverable by CAB East.

**B. Deposition Transcripts.**

Additionally, CAB Esat seeks to tax the costs of Plaintiff's deposition, CAB East's Corporate Representative's deposition, and several hearings that were necessary for the resolution of disputes throughout the arbitration proceeding.

A prevailing party is permitted to recover costs incurred for obtaining deposition transcripts, whether printed or electronically transcribed. *See* 28 U.S.C. § 1920(2). The Eleventh Circuit has held that the costs for deposition transcripts are taxable when the deposition was "necessarily obtained for use in the case." *U.S. EEOC v. W & O, Inc.*, 213 F. 3d 600, 621 (11th Cir. 2000). "Necessity" is determined "at the time [the deposition] was taken.'" *Lopez*, 2024 U.S. Dist. LEXIS 3708, *5 (quoting *Am. Home Assur. Co. v. RAP Trucking Inc*., Case No. 09-80020-Civ-Hurley/Hopkins, 2010 U.S. Dist. LEXIS 38935, at *6-7 (S.D. Fla. Mar. 23, 2010)). Moreover, depositions used in support of a motion for summary judgment

are "necessarily obtained for use in the case." *Santidrian v. Landmark Custom Ranches, Inc.*, CASE NO. 08-60791-CIV-COHN, 2009 U.S. Dist. LEXIS 97229 at *5 (S.D. Fla. Oct. 5, 2009).  Here, the only two depositions were for the parties of the suit, and both parties agreed that they would be the only depositions taken in the suit. Moreover, because testimony from the Plaintiff and the Corporate Representative was central to the dispute, both deposition transcripts were cited in the summary disposition briefing. Therefore, both depositions were reasonably necessary to the case at the time the depositions were taken.[1]

Courts have not limited recovery of transcript costs to only deposition transcripts. For instance, in some instances courts even permit a recovery of **expedited trial** transcripts. *See Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225–26 (11th Cir. 2002) (explaining that although expedited trial transcripts should not be permitted as a matter of course, they may be taxable in certain circumstances based on the length and complexity of the case). The hearing transcripts that were obtained in this case were necessary to accurately memorialize—in light of the contentious nature—the objections that Plaintiff raised throughout the arbitration and the arbitrator's rulings and directives. *Siegmund v. Bian*, Case No. 12-CV-62539-GAYLES/LOUIS, 2019 U.S. Dist. LEXIS 39588, *6

---

[1] The amount sought by CAB East does **not** include the various additional fees charged by the court reporters.

(S.D. Fla. 2019) ("Under § 1920(2), a prevailing party may be awarded transcript costs associated with **hearings** or depositions that are 'necessarily obtained for use in the case.'") (emphasis added). Accordingly, CAB East is also entitled to the hearing transcripts outlined in the Bill of Cost.

### C. Arbitration Costs.

Lastly, CAB East seeks the Arbitration fees that it incurred when Plaintiff filed her claim with the AAA. Courts have held that a prevailing corporate defendant is entitled to recover the costs of arbitration against a consumer plaintiff. *See Johnson v. Wash. Cty. Kennel Club, Inc.*, Case No. 5:16cv157-MW/GRJ, 2017 U.S. Dist. LEXIS 224511, *7–8 (N.D. Fla. 2017) (taxing arbitration costs against plaintiff where plaintiff stipulated to arbitration). In this case, Plaintiff did not oppose CAB East's Motion to Compel Arbitration, and this Court's Order compelling arbitration confirmed same. *See* DE 13.

CAB East anticipates that Plaintiff may oppose arbitration costs by arguing that the Lease Agreement which was the subject of the dispute called for CAB East to pay arbitration costs. However, the arbitration provision in the Lease contains the following terms:

> You or we may choose the American Arbitration Association, (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.

Plainly, the states that CAB East covers arbitration costs "unless the fees are

reallocated in the award under applicable law." In this case, the appliable law in operation would be Rule 54(d)(1) and 28 U.S.C. § 1920, which provide authority for CAB East to recover these costs as a prevailing party.

## III.    CONCLUSION

The undersigned respectfully requests that the Clerk tax costs as outlined in the verified Bill of Costs filed concurrently herewith and as explained in the Bill of Costs chart appended thereto.

### **LOCAL RULE 3.01(g) CERTIFICATION**

The movant certifies that on October 18, 2024, it conferred with Plaintiff's Counsel via telephone and the parties did not come to an agreement with respect to CAB East's efforts to recover costs pursuant to Rule 54 and a Bill of Costs.


Date: October 21, 2024.                              Respectfully submitted,



                                        */s/ JESSICA M. KENNEDY*
                                        JESSICA M. KENNEDY, ESQ.
                                        Florida Bar No. 0096015
                                        MCDONALD TOOLE WIGGINS, P.A.
                                        111 N. Magnolia Avenue, Suite 1200
                                        Orlando, FL  32801
                                        Telephone: (407) 246-1800
                                        Facsimile: (407) 246-1895
                                        jkennedy@mtwlegal.com
                                        OwenvFMCC@mtwlegal.com
                                        *Attorneys for Defendants, Cab East, LLC d/b/a*
                                        *Ford Motor Credit Company, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2024, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Joshua E. Feygin, Esq., Joshua Feygin, PLLC, 1930 Harrision St., Suite 208F, Hollywood, FL 33020, josh@jfeyginesq.com (Attorney for Plaintiff)

*/s/ JESSICA M. KENNEDY*
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
jkennedy@mtwlegal.com
OwenvFMCC@mtwlegal.com
*Attorneys for Defendants, Cab East, LLC d/b/a*
*Ford Motor Credit Company, LLC*