UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROSEMARY OWEN,                                                  CASE NO.:  2:23-cv-328-SPC-NPM

      Plaintiff,

vs.

CAB EAST, LLC, d/b/a FORD MOTOR
CREDIT COMPANY, a foreign
corporation,

      Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Plaintiff, ROSEMARY OWEN ("**Plaintiff**"), by and through her undersigned counsel, respectfully responds to the Defendant, CAB EAST, LLC, d/b/a FORD MOTOR CREDIT COMPANY, a foreign corporation ("**Defendant**") "Motion for Attorney's Fees" ("**Motion**") [DE 28] and in support thereof states as follows:

**I.    Introduction**

Neither the history nor the facts of this matter are particularly complex. Plaintiff sued Defendant for violating the Consumer Leasing Act 15 U.S.C. § 1667 ("**CLA**"), and its implementing regulations, 12 C.F.R. § 1013 *et seq.* In response, Defendant chose to divest this Court of jurisdiction, compelling this matter to arbitration. [DE 11 & 13]. An award was entered in favor of the Defendant:

> The administrative fees of the American Arbitration Association totaling $2,250.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.

> This Award is in full and final settlement of all claims submitted in this Arbitration. All claims not expressly granted herein are hereby denied.

[DE 21-1, pgs. 10-11].

On October 4, 2024, Defendant moved to confirm the award, [DE 21],which the Court entered judgment in favor of the Defendant. [DE 25].

Despite the arbitrator denying *all* claims not expressly granted in the award, and having received a judgment, Defendant now seeks to tax costs and attorney's fees under Rule 68. [DE 25]. The motion should be denied.

*First*, United States Supreme Court precedent establishes that Rule 68's cost-shifting provision applies only when the plaintiff obtains a judgment—not the defendant. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 347 (1981) ("Rule 68 applies only to offers made by the defendant and only to judgments obtained by the plaintiff."). Here, because Defendant secured the judgment, not Plaintiff, Rule 68 is inapplicable. Thus, the motion must be denied.

*Second*, the issue was submitted and decided by the arbitrator, leaving the Defendant with no basis to pursue its Motion, having failed to timely vacate the award of the arbitrator. *See White Springs Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277, 1281-82 (11th Cir. 2011).

Third, despite claiming that the damages provision of the CLA defines "costs" to include attorney's fees, Defendant fails to provide any persuasive authority to support its conclusion, which stands in conflict with multiple decisions precluding a creditor from seeking its attorney's fees under the CLA.

As more particularly set-forth below, Defendant's Motion is due to be denied, *in toto*.

**II.     Memorandum of Law**

**A.  Rule 68 Does Not Apply When the Defendant Prevails**

Rule 68 of the Federal Rules of Civil Procedure provides that if a timely pretrial offer of settlement is not accepted and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(a), (d).) The primary purpose of Rule 68 is to encourage settlement and avoid litigation. *Valencia v. Affiliated Grp., Inc.*, 674 F. Supp. 2d 1300, 1304 (S.D. Fla. 2009).

By its plain terms, according to the Supreme Court, "Rule 68 applies only where the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981). Thus, Rule 68 does not apply when a defendant secures a judgment in its favor. *See Affordable Aerial Photography, Inc. v. Trends Realty USA Corp*, 23-11662, 2024 WL 835235, at *2 (11th Cir. Feb. 28, 2024) (relying on *Delta*); *see also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995) ("If a plaintiff takes nothing . . . Rule 68 does not apply.") This binding precedent squarely applies, as the Defendant obtained a judgment in its favor. Thus, Defendant is barred from recovering any costs or attorney's fees.

Despite citing 43-year-old precedent from the Supreme Court in *Delta Airlines* in its Motion [Motion, pg. 6], Defendant completely failed to take into account this binding authority in its Motion. And the little authority it did rely on did not support the relief sought in the Motion, all of which is clearly distinguishable from the circumstances before the Court.

In *Duncanson v. Sj Wathen Bloomington*, No. 6:14-cv-704-Orl-40KRS, 2018 U.S. Dist. LEXIS 244588 (M.D. Fla. Aug. 23, 2018), the U.S. District Court for the Middle District of Florida addressed a case involving alleged violations under the Fair Labor Standards Act (FLSA). Ultimately, the plaintiff obtained a judgment in its favor that was not better than the defendant's Offer of Judgment. The Court denied the defendant's request to tax costs under Rule 68 for its failure to provide evidence of a properly served Rule 68 offer and for failing comply with the procedural rules governing service of a Rule 68 offer. *Id.* at *7-9*. The *Duncanson* case has no application here since the plaintiff ultimately obtained a judgment in its favor, allowing the defendant to seek taxation under the plain and unambiguous terms of Rule 68 and binding authority.

In *Furcron v. Mail Centers Plus, LLC*, 776 F. App'x 622 (11th Cir. 2019), the Eleventh Circuit addressed an employer's request for costs under Rule 68 in a Title VII discrimination case. The district court initially ruled that Rule 68 was inapplicable, reasoning that the judgment obtained by the plaintiff, which included equitable relief, was more favorable than the defendant's unaccepted $20,000 offer. However, the Eleventh Circuit partially vacated the district court's order on equitable relief in a prior appeal. Specifically, it upheld the requirement for the defendant to include the complaint and verdict in the plaintiff's personnel file but vacated the order mandating additional training. As a result of this modification, the Eleventh Circuit vacated the award of attorney's fees and remanded the case for the district court to reassess whether the remaining equitable relief was "more favorable" than the $20,000 offer under Rule 68(d). As with *Duncanson*, this case did not involve a situation in which a defendant sought to tax fees under Rule 68 after having obtained a judgment in its favor.

At bottom, the defendant's motion for attorney's fees under Rule 68 is clearly improper because the rule does not authorize recovery of attorney's fees when the defendant is the prevailing party. *See Delta Air Lines, 450 U.S. at 351*. The law on this point is well-settled, with numerous decisions confirming that Rule 68 does not apply when a defendant prevails and obtains judgment. Here, it is undisputed that the defendant is the prevailing party. [DE 25]. Consequently, established case law precludes this Court from taxing costs, in whatever form asserted by the Defendant, under Rule 68. Defendant's argument is objectively frivolous.

### B. The Issue of Attorney's Fees and Costs was Submitted to the Arbitrator and the Defendant has Not Moved to Vacate the Award.

Although the FAA does not explicitly provide for the recovery of costs by the prevailing party, the ability to recover such costs, including attorney's fees, can be determined by the terms of the arbitration agreement between the parties. According to the 11th Circuit, arbitrators derive their powers from the parties' agreement, and any award, including costs, must be within the scope of that agreement *Gherardi v. Citigroup Global Mkts., Inc.*, 975 F.3d 1232, *White Springs Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277.

Here, the arbitration agreement provided: "Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law." *See* Exhibit "A" – Lease, pg. 2. In line with the parties' agreement, the scheduling ordered entered by the arbitration tribunal provided for a discreet process in which to address the issue of attorney's fees and costs. *See* Exhibit "B" – Scheduling Order, § 9. Consistent with the agreement between the parties and the procedures set forth by the Tribunal, the Final Award disposed of all claims not otherwise ruled on and specifically determined that the costs were borne as incurred. *See* Exhibit "C" – Final Award of Arbitrator. As a result, it is undisputable

that the arbitrator "plainly believed" the issue of costs was submitted to the arbitrator. *White Springs Agr. Chems., Inc.*, 660 F.3d at 1281.

In effect, the Defendant asks the Court to usurp the arbitrator's authority and contravene the award of the arbitrator. The FAA prohibits the Court from indulging the Defendant's request.

Judicial review of arbitral awards is extremely limited. *Funair Corp. v. Raytheon Co.*, Nos. 04-22327-CIV, 04-22875-CIV, 2005 U.S. Dist. LEXIS 47509, 2005 WL 6718593, at *3 (S.D. Fla. May 19, 2005) (citation omitted). The "exceedingly narrow grounds upon which an award can be vacated, modified, or corrected" are found in 9 U.S.C. sections 10(a) and 11. *Southern Communs. Servs. v. Thomas*, 720 F.3d 1352, 1357 & 1358 (11th Cir. 2013) "A panel's incorrect legal conclusion is not grounds for vacating or modifying the award." *White Springs Agr. Chems., Inc.*, 660 F.3d at 1280. "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010).

Here, Defendant has failed to timely move to vacate the award of the arbitrator. Nor has the Defendant even attempted to show that it is entitled to vacature of the award under the exceedingly limited basis provided by the FAA. Instead, the Defendant attempts to circumvent the dictates of the FAA by improperly seeking apportionment of costs pursuant to Rule 68. The Court must reject the Defendant's side-stepping.

### C. The Consumer Leasing Act precludes an award of attorney's fees.

Lastly, Defendant asserts in conclusory fashion that the CLA defines costs as fees and

proceeds to cite to cases interpreting taxation of fees as costs under the Fair Debt Collection Practices Act. Motion, pgs 6-7. Defendant's argument is meritless for several reasons.

First, the sole authority cited by the Defendant- *Font v. Nco Fin. Sys.*, No. 11-20029-CIV-SEITZ/SIMONTON, 2012 U.S. Dist. LEXIS 2015, at *6-7 (S.D. Fla. May 16, 2012)- fails to support the proposition that a Defendant that obtains a judgment is entitled to tax its attorney's fees as costs pursuant to Rule 68. In *Font*, the Southern District of Florida had the occasion to consider whether a plaintiff that accepted a Rule 68 Offer that excluded attorney's fees was entitled to recover its attorney's fees following the acceptance the offer. *Id.* Thus, the holding provides no guidance to the Court.

Second, numerous courts have determined that "costs" do not include "attorney's fees" under the FDCPA for purposes of Rule 68. *See Cooper v. Retrieval-Masters Creditors Bureau*, Inc., 42 F.4th 675, 683 (7th Cir. 2022); *Pietrowski v. Merchs. Med. Credit Corp.*, 256 F.R.D. 544, 554 (E.D. Mich. 2009); *Andrews v. Prof'l Bureau of Collections of Md., Inc.*, 270 F.R.D. 205, 207 (M.D. Pa. 2010). Defendant presents no cogent basis for the Court to depart from this standard nor has the Defendant presented any authority to suggest that the CLA contemplates "costs" to include "fees."

Third, it is well settled law that TILA does not provide for attorney fees for prevailing creditors. *See Eccleston v. Indicar of Daytona, Inc.*, No. 6:23-cv-1717-WWB-RMN, 2024 U.S. Dist. LEXIS 4563, at *5 (M.D. Fla. Jan. 9, 2024); *See also Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 703 n.10 (9th Cir. 1986); *Payne v. Equicredit Corp.,* 2002 WL 1018969 (E.D. Pa. May 20, 2002), aff'd, 71 Fed. Appx. 131 (3d Cir. 2003). *See also Kitts v. Winterford, L.L.C.*, 2010 WL 129804, at *8 (Bankr. D. Utah Jan. 8, 2010) (clause in note allowing fees to creditor for

"costs and expenses of collection" does not cover creditor's fees for successful defense of bankruptcy trustee's TILA claim), appeal dismissed as moot in relevant part, aff'd in part, rev'd in part on other grounds, 442 B.R. 818 (D. Utah. 2010). For these reasons, Defendant's Motion must be denied as well.

## II.     Conclusion

**WHEREFORE**, for the reasons stated herein, the Court should deny the Defendant's Motion for Attorney's Fees pursuant to Rule 68, Fed. R. Civ. Pro. The Plaintiff respectfully requests that this Court retain jurisdiction to award sanctions pursuant to, *inter-alia*, 28 U.S.C. § 1927.

Dated: November 10, 2024            Respectfully submitted,

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:  Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2024, that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email: Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*
