UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROSEMARY OWEN,                               CASE NO.: 2:23-cv-328-SPC-NPM

    Plaintiff,

vs.

CAB EAST, LLC, d/b/a FORD
MOTOR CREDIT COMPANY, a
foreign Limited Liability Company,

    Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS**

Plaintiff, ROSEMARY OWEN ("**Plaintiff**"), by and through her undersigned counsel, respectfully responds to the Defendant, CAB EAST, LLC, d/b/a FORD MOTOR CREDIT COMPANY, a foreign corporation ("**Defendant**") "Memorandum in Support of Bill of Costs" ("Motion") [DE 29] and in support thereof states as follows:

**I.     Introduction**

Neither the history nor the facts of this matter are particularly complex. Plaintiff sued Defendant for violating the Consumer Leasing Act 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* In response, Defendant chose to divest this Court of jurisdiction, compelling this matter to arbitration. [DE 11]. An award was entered by the arbitrator in favor of the Defendant:

> The administrative fees of the American Arbitration Association totaling $2,250.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.

> This Award is in full and final settlement of all claims submitted in this Arbitration. All claims not expressly granted herein are hereby denied.

[DE 21-1, pgs. 10-11].

On October 4, 2024, Defendant moved to confirm the award, [DE 21], which the Court entered judgment in favor of the Defendant. [DE 25].

Despite the arbitrator rendering an award resolving the issue of costs and denying *all* claims not expressly granted in the award, Defendant now seeks to tax costs under Rule 54(d). The motion should be denied.

*First*, under Federal Rule of Civil Procedure 54, district courts can reduce or deny costs to a winning party if justified by the circumstances. *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1164 (S.D. Fla. 2011). The terms of a parties' arbitration agreement that dictates the parties are to bear their own costs provides a court with a sound basis to deny awarding costs under Rule 54(d). *See Adams v. Genesis Eldercare Rehab*. Servs., LLC, 2024 U.S. Dist. LEXIS 133361, *6-7.

*Second*, the issue of costs was submitted to the arbitrator for resolution who and was resolved by the award of the arbitrator. [DE 21-1, pgs. 10-11]. There can be no dispute that the arbitrator "plainly believed" the issue of the issue of costs was submitted to the arbitrator, leaving the Defendant without the ability to revisit the award of the arbitrator. *White Springs Agr. Chems., Inc.*, 660 F.3d at 1281.

*Third*, a Court has discretion to reject taxation of costs, in full or in part, based upon a parties' inability to pay. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). Here, Ms.

Owen has demonstrated through substantial evidence that she is unable to shoulder the costs sought by the Defendant.

For these reasons, the Motion should be denied and the Court should decline to assess costs against Ms. Owen.

## II. Memorandum of Law

### A. The Parties' Agreement Specifies that Each Party is Responsible for its Own Costs.

Under Federal Rule of Civil Procedure 54(d)(1), prevailing parties are permitted to recover costs, excluding attorneys' fees. See Fed. R. Civ. P. 54(d)(1); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Rule 54(d) allows a winning party to recover costs as specified under 28 U.S.C. § 1920, but district courts may reduce or deny costs if justified by the circumstances. *Gilchrist v. Bolger*, 733 F.2d 1551, 1556–57 (11th Cir. 1984) (saying district court may deny prevailing party costs if it articulates some good reason for doing so); s*ee also Damian v. Bucks of Am., LLC*, No. 8:21-CV-1999-WFJ-MRM, 2023 WL 7109627, at *1 (M.D. Fla. Oct. 27, 2023); *Friends of Everglades*, 865 F. Supp. 2d at 1164.

Both the U.S. Supreme Court and the 11th Circuit have recognized that contractual provisions can circumvent the application of Rule 54(d). *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499, 96 L. Ed. 2d 385 (1987); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017). And where a contract provides that the parties are to bear their own costs, such language circumvents Rule 54(d)'s presumption in favor of awarding costs to the prevailing party. *Adams, 2024 U.S. Dist. LEXIS 133361, at *6-7.*

In *Adams*, Judge Presnell of the Middle District rejected a Defendant's application for taxation of costs pursuant to Rule 54(d) which were incurred in furtherance of a jury trial to contest the formation of an arbitration provision, pursuant to 9 U.S.C. § 4. *Id*, at *2. In rejecting the Magistrate's Report and Recommendation, Judge Presnell found that the parties' arbitration agreement provided a sufficiently sound basis to overcome the presumption of taxation of costs. *Id.*, at *6-7. In reaching this conclusion, the Court considered the terms of the parties' agreement which established the default standard was that "'[e]ach party will pay for its own costs and attorneys' fees, if any'" despite providing the arbitrator with discretion to award costs if available under applicable law. *Id.*, at *8. Applying the same analysis to the facts at hand should lead to the same result.

Here, the parties' arbitration agreement unambiguously states that it is governed by the Federal Arbitration Act ("FAA"). Exhibit A – Lease, pg. 2 ("This contract is subject to the Federal Arbitration Act [.]"). Indeed, there is no dispute that the FAA governs in light of the fact that the Defendant move to compel arbitration pursuant to the FAA [DE 11] and subsequently moved to confirm the arbitration award pursuant to the FAA. [DE 21]. The arbitration agreement is likewise unambiguous in the apportionment of attorney's fees and costs: "Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law." Ex. A. And just like in *Adams*, the parties' provision clearly provided the arbitrator the discretion to award reasonable attorneys' fees and costs if awardable under applicable law, the default standard is that the parties will bear their own costs. *Id.*

Precisely as was the case in *Adams*, here Defendant ignores the clear and unambiguous terms of the parties' agreement to "pick and choose the provisions within the Agreement that are most beneficial to [them] at any given moment." *Adams, 2024 U.S. Dist. LEXIS 133361, at \*10.*(Internal citations omitted). The Court should conclude that just like in *Adams*, Defendant cannot on one hand demand enforcement of the arbitration provision and on the other hand ask the Court to ignore the precise terms of the agreement. *Id.*, at 10-11. The Court should exercise its discretion and on the sound basis identified hereinabove, deny the Defendant's Motion, *in toto*.

Defendant cites to *Johnson v. Wash. Cty. Kennel Club, Inc.*, Case No. 5:16cv157-MW/GRJ, 2017 U.S. Dist. LEXIS 224511, \*7–8 (N.D. Fla. 2017) in support of taxing arbitration costs upon the Plaintiff. However, the order in *Johnson* fails to provide guidance to the Court in this instance as no argument was raised nor did the Court consider a subsequent request to tax costs that was already denied by an arbitrator, as is the case here. Thus, *Johnson* is distinguishable.

### B. The Issue of Attorney's Costs was Submitted to the Arbitrator and the Defendant has Not Moved to Vacate the Award.

The FAA does not explicitly provide a basis for arbitrators to award costs in the absence of any agreement between the parties. According to the 11th Circuit, arbitrators derive their powers from the parties' agreement, and any award, including costs, must be within the scope of that agreement *Gherardi v. Citigroup Global Mkts., Inc.*, 975 F.3d 1232, *White Springs Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277.

Here, the arbitration agreement provided: "Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law." Ex. A

In line with the parties' agreement, the scheduling ordered entered by the arbitration tribunal provided for a discreet process in which to address the issue of attorney's fees and costs. *See* Exhibit "B" – Scheduling Order, § 9. Consistent with the procedures set forth by the Tribunal, the Final Award disposed of all claims not otherwise ruled on and specifically determined that the costs were borne as incurred. *See* Exhibit "C" – Final Award of Arbitrator, pgs. 10-11. As a result, it is undisputable that the arbitrator "plainly believed" the issue of costs was submitted to the arbitrator. *White Springs Agr. Chems., Inc.*, 660 F.3d at 1281.

In effect, the Defendant asks the Court to usurp the arbitrator's authority and contravene the award of the arbitrator. The FAA prohibits the Court from indulging the Defendant's request.

Judicial review of arbitral awards is extremely limited. *Funair Corp. v. Raytheon Co.*, Nos. 04-22327-CIV, 04-22875-CIV, 2005 U.S. Dist. LEXIS 47509, 2005 WL 6718593, at *3 (S.D. Fla. May 19, 2005) (citation omitted). The "exceedingly narrow grounds upon which an award can be vacated, modified, or corrected" are found in 9 U.S.C. sections 10(a) and 11. *Southern Communs. Servs. v. Thomas*, 720 F.3d 1352, 1357 & 1358 (11th Cir. 2013) "A panel's incorrect legal conclusion is not grounds for vacating or modifying the award." *White Springs Agr. Chems., Inc.*, 660 F.3d at 1280. "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010).

Here, Defendant has failed to timely move to vacate the award of the arbitrator. Nor has the Defendant even attempted to show that it is entitled to vacatur of the award under the

exceedingly limited basis provided by the FAA. Instead, the Defendant attempts to circumvent the dictates of the FAA by improperly seeking apportionment of costs pursuant to Rule 68. The Court must reject the Defendant's side-stepping.

### C. Plaintiff is unable to pay.

As reflected in the attached affidavit of Rosemary Owen, her inability to pay constitutes a substantial basis to deny the Defendant's Motion.

"[A] non-prevailing party's financial status is a factor that a district court may . . . consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." *Id.*

Here, Plaintiff has provided such documentation. Specifically, Plaintiff filed a sworn affidavit of indigence wherein she declared, *inter-alia* that she is head of household, her sole source of income is from social security benefits of $1,605 per month and she stands to incur no additional assets to be able to satisfy an award of costs.

As a result, the Court should deny the Defendant's Motion and decline to tax costs upon Ms. Owen given her real inability to satisfy any such award.

## III. Conclusion

**WHEREFORE**, for the reasons stated herein, the Court should deny the Defendant's Motion for Attorney's Fees pursuant to Rule 68, Fed. R. Civ. Pro. The Plaintiff respectfully requests that this Court retain jurisdiction to award sanctions pursuant to, *inter-alia*, 28 U.S.C. § 1927.

Dated: November 11, 2024        Respectfully submitted,

                                             /s/ Joshua E. Feygin
                                             **JOSHUA FEYGIN, ESQ**.
                                             FL Bar No.: 124685
                                             Email: Josh@Sueyourdealer.com
                                             **SUE YOUR DEALER – A LAW FIRM**
                                             1930 Harrison St, Suite 208F
                                             Hollywood, FL 33020
                                             Tel: (954) 228-5674
                                             Fax: (954) 697-0357
                                             *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on November 11, 2024, that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                             /s/ Joshua E. Feygin
                                             **JOSHUA FEYGIN, ESQ**.
                                             FL Bar No.: 124685
                                             Email: Josh@Sueyourdealer.com
                                             **SUE YOUR DEALER – A LAW FIRM**
                                             1930 Harrison St, Suite 208F
                                             Hollywood, FL 33020
                                             Tel: (954) 228-5674
                                             Fax: (954) 697-0357
                                             *Counsel for Plaintiff*