UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROSEMARY OWEN,　　　　　　　　　CASE NO.: 2:23-cv-328-SPC-NPM

　　　　Plaintiff,

vs.

CAB EAST, LLC, d/b/a FORD
MOTOR CREDIT COMPANY, a
foreign Limited Liability Company,

　　　　Defendants.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY

Plaintiff, ROSEMARY OWEN ("**Plaintiff**"), by and through her undersigned counsel, respectfully responds to the Defendant, CAB EAST, LLC, d/b/a FORD MOTOR CREDIT COMPANY, a foreign corporation ("**Defendant**") "Motion for Leave to File Reply" ("Motion") [DE 34] and in support thereof states as follows:

**I.　Introduction**

On November 14, 2024 at 9:50 p.m. Defendant requested to confer relative to its request to file the Motion. *See* Exhibit "A."

On November 15, 2024 at 3:08 p.m.- less than 24 hours after its one and only request for a conferral conference through email- Defendant filed its Motion for Leave to File a Reply ("Motion"). [DE 34]. Due to the press of business, including but not limited to a deposition scheduled for the morning of November 15, 2024, Plaintiff's counsel was unable to address the email prior to the filing of the Motion.

Notwithstanding, Defendant affirmatively represented in the Motion that "Plaintiff's counsel **communicated** that he opposes Cab East's request for a reply." Motion, pg. 2.[1] (Emphasis supplied). In the Motion, Defendant claims that leave to file a reply is warranted to "Plaintiff's mischaracterization of the arbitration ruling and consideration of same." Motion, pg. 1. Defendant identifies no new legal arguments nor facts that would justify leave to file a reply. *Id.*

For these reasons, the Motion is due to be denied.

## II.  Memorandum of Law

### A. Defendant has failed to show leave is warranted.

Under the Local Rules of the Middle District of Florida, "No party shall file any reply … unless the Court grants leave." M.D. Fla. Local Rule 3.01(c). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for the Ethical Treatments of Animals*, 2011 WL 2729145 (M.D.Fla.). The *Tardif* Court denied the motion to file a reply because they did "not allege that there is a new matter or law or fact argued" and therefore the motion "fails to rise to the level required by the Local Rules to file a reply."

Defendant fails to properly demonstrate that a new matter of law or fact has been raised sufficient to warrant the filing of a reply. To the contrary, Defendant openly acknowledges its intention to have another opportunity to argue its position and to address what it alleges are Plaintiff's "mischaracterizations" of the "arbitration ruling" along with

---

[1] This is not the first instance in which the Defendant has made material misrepresentations through its submissions to the Court. On February 29, 2024, Defendant unilaterally submitted a "*Joint* Status Report" despite the Plaintiff having failed to agree to the version submitted. See Exhibit "B".

vague references to unspecified case law. *See* Motion, pp. 1-2. If such reasoning constituted cause for filing a reply to a response in this District, it would open the floodgates to similar motions, burdening the courts of the Middle District of Florida with unnecessary filings. Here, Defendant has made clear that it merely seeks to have the last word, which is not permitted under the Court's Local Rules in these circumstances. *See Torrence v. Pfizer, Inc.*, 2007 WL 788368, at *1-2 (M.D. Fla. Mar. 14, 2007) (denying a plaintiff's motion for leave to file a reply as "unnecessary to the resolution of the motion"). Because Defendant has failed to establish grounds for leave to file a reply, the Motion should be denied.

### B. Defendant's failure to confer under the local rules is grounds for denial of the Motion.

The Court should deny the motion because Defendant made no effort to comply with the meet and confer requirements of Local Rule 3.01(g) which provides in pertinent part:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party **shall confer** with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.

M.D. Loc. Rule 3.01(g) (emphasis added).

Here, Defendant all but failed to comply with M.D. Fla. Local Rule 3.01(g), which requires meaningful conferral between the parties. Despite this failure, Defendant falsely represented in its Motion that "Plaintiff's counsel **communicated** that he opposes Cab East's request for a reply." Motion, p. 2. (Emphasis supplied). In reality, Plaintiff's counsel never had

a meaningful opportunity to review or respond to Defendant's conferral request, making this representation misleading, at best.

The Court has broad discretion to deny the Motion, outright, as a result of the Defendant's abject failure to comply with M.D. Loc. Rule 3.01(g). *See Oliveira v. United States Citizenship & Immigr. Servs.*, 2024 U.S. Dist. LEXIS 121027, *2(denying motion for special admission for *inter*-alia, failing to comply with M.D. Loc. Rule 3.01(g); *Parsons v. Changco*, 2024 U.S. Dist. LEXIS 136998, *1 (denial of motion to transfer venue for *inter-alia*, failing to comply with M.D. Loc. Rule 3.01(g)); *Meke Rest., Inc. v. Westchester Surplus Lines Ins. Co.*, 2024 U.S. Dist. LEXIS 80883, *8.

Likewise, the Court has broad discretion to issue sanctions arising from misrepresentations that a conferral occurred. *See Powell v. Morgan Prop. Solutions*, 2020 U.S. Dist. LEXIS 258621, *15-16(Magistrate report recommending counsel be required to show cause why sanctions should not be levied for misrepresentations in Rule 3.01(g) certification); *Mackey v. Fairwinds Credit Union*, No. 6:19-cv-1921-Orl-31EJK, 2020 U.S. Dist. LEXIS 105397 (M.D. Fla. June 16, 2020)(sanctioning counsel for misrepresenting that a Rule 3.01(g) conferral occurred).

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, the Court should deny the Defendant's Motion for Leave and any further relief deemed just and proper.

Dated: November 15, 2024        Respectfully submitted,

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685

Email: Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2024, that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email: Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*