UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROSEMARY OWEN,            CASE NO.: 2:23-cv-328-SPC-NPM

    Plaintiff,

vs.

CAB EAST, LLC, d/b/a FORD
MOTOR CREDIT COMPANY, a
foreign Limited Liability Company,

    Defendant.

_____/

**DEFENDANT, CAB EAST, LLC'S, REPLY TO**
**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS**

Defendant, CAB East, LLC, by and through undersigned counsel hereby files this Reply to Plaintiff's Response in Opposition to Defendant's Memorandum of Law in Support of Bill of Costs [DE 33]. In support of this Reply, CAB East states:

**INTRODUCTION**

Plaintiff raises three grounds to oppose CAB East's proposed Bill of Costs. Plaintiff's three arguments can be summarized as: 1) the arbitration provision in the Lease Agreement precludes the right to seek costs, 2) the Arbitrator's Order resolved the issue of costs, and 3) Plaintiff is financially unable to pay costs. None of these arguments present valid reasons for which to deny the proposed Bill of Costs.

1

I. **Plaintiff improperly cites language in the Lease Agreement regarding attorney's fees to oppose an award of costs under Rule 54.**

To start, Plaintiff argues that the arbitration provision in the Lease Agreement expressly prohibits a recovery of costs under Rule 54. Yet, Plaintiff fails to ever cite any language in the Lease Agreement that is specific to costs. The only language from the Lease Agreement that Plaintiff cites is a provision that states "Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law." *See* Response, DE 33, p. 4. However, the proposed Bill of Cost seeks **costs, not attorney's fees or expert fees.** The Lease language cited by Plaintiff makes no mention of costs such as the ones that CAB East reasonably seeks here—costs that fall within the purview of Rule 54 and 28 U.S.C. § 1920.

Moreover, while Plaintiff primarily relies on *Adams v. Genesis Eldercare Rehab. Servs. LLC*, Case No: 5:23-cv-441-GAP-PRL, 2024 U.S. Dist. LEXIS 133361 (M.D. Fla. July 29, 2024), to support this section of her Response, this case is inapposite. *Adams* dealt with a contractual provision that expressly precluded an award of costs pursuant to contractual language that stated, "each party will pay for its own **costs** and attorneys' fees, if any." *Id*. at *8. By contrast, the Lease Agreement language that Plaintiff relies on in this case speaks only to attorney's fees. As such, CAB East submits that this argument lacks merit.

## II. Plaintiff mischaracterizes the scope of the Arbitration Order. The issue of costs was never briefed in the cross motions for summary judgment that were resolved by the Arbitrator Order.

Next, Plaintiff argues that the Arbitrator's Order addressed costs and foreclosed any possibility of seeking costs under Rule 54. Plaintiff then provides a string of legal authority for the proposition that reviewing or vacating an arbitrator's award is extremely limited, and concludes that CAB East never moved to vacate the award. Plaintiff misses the mark. CAB East is not seeking to vacate the Arbitration Order that was entered in its favor. As such, the cases Plaintiff cites, *Funair Corp*, *Thomas, White Springs Agr*., and *Stolt-Nielson S.A*., have no bearing here.

More importantly, the Arbitrator's Order **did not** address all of the costs that CAB East seeks in the proposed Bill of Costs. Plaintiff would have this Court believe that the arbitrator "specifically determined that the costs were borne as incurred." *See* Response, DE 33, p. 6. Curiously, Plaintiff omits critical language from the portion of the Arbitration Order that she references. The Arbitration Order which is attached to Plaintiff's Response only addresses the American Arbitration Association administrative cost totaling $2,250.00 and an arbitrator compensation cost totaling $2,500.00.[1] Upon closer look, the only cost that CAB East can agree

---

[1] Plaintiff's Response cites the Arbitration Order as Exhibit C to the Response. However, the exhibits to the Response are not clearly marked. For clarity, the portion of the Arbitration Order at issue can be found at pages 24–25 of the Response [DE 33].

3

to remove from the proposed Bill of Cost is the $2,500 arbitrator compensation cost, as that cost is addressed in the Arbitration Order. *See* Response, DE 33, p. 25 ("the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred"). The remainder of the costs sought by CAB East are not addressed in the Arbitration Order. As such, Plaintiff misrepresents the scope of the Arbitrator's Order.

In fact, Plaintiff refers to paragraph 9 of the Arbitrator's Scheduling Order to further argue that costs were ruled upon in the Arbitration Order. *See* Response, DE 33, p. 6. Just a cursory review of paragraph 9 of the Scheduling Order reveals that the Scheduling Order's instruction regarding the procedure to seek fees and costs was specific to a Final Hearing. *See* Response, DE 33, p. 13, ¶9 ("The Parties have until a date set by the Arbitrator **after the Final Hearing**, to file and serve any documentation supporting or evidencing only the amount of attorneys' fees and costs they seek to recover in connection with this arbitration.") (emphasis added). Here, the case was resolved on summary judgment and **never** proceeded to a Final Hearing. It cannot be said that the Arbitration Order addressed all requests for costs—neither party briefed a request for costs in the motions for summary judgment because an instruction to brief costs in the summary judgment motions was never given by the Arbitrator.

Ultimately, Plaintiff raised no objection when CAB East sought to confirm the Arbitration Order in this Federal Court, and under Federal Rules, which have

4

been applied to this case since its inception, the Federal Clerk may tax costs. *See* F. R. Civ. P. 54.

### III. Plaintiff's claimed inability to pay costs is not the sole factor determining whether a federal court may tax costs under Rule 54.

Lastly, Plaintiff argues that she is unable to pay an award of costs and that this alone is "a substantial basis to deny the Defendant's Motion." *See* Response, DE 33, p. 7. This statement is contrary to case law. A non-prevailing party's financial status is just **one factor** that a court **may** consider. Notably, courts emphasize the permissive, rather than mandatory, nature of the word "may." *See Beach-Mathura v. Am. Airlines, Inc.*, 571 Fed. Appx. 810, 814 (11th Cir. 2000) ("A district court may—but is not required to—consider a losing party's financial status in awarding costs.") (emphasis in original).

Moreover, Plaintiff submits an affidavit stating that she is head of household, is not employed, and relies on social security benefits of $1,605 per month, among other claims. Plaintiff herself cites case law holding that a district court who "chooses to consider the non-prevailing party's financial status . . . **should require substantial documentation of true inability to pay**." *Chapman v. AI Transp.*, 229 F. 3d 1012, 1039 (11th Cir. 2000) (emphasis added). Yet, the only evidence supporting the affidavit is partial social security correspondence and a partial bank statement that presumably belongs to Plaintiff. This limited documentation does not

5

offer a complete or even a substantial picture of Plaintiff's finances. After all, this entire case was about Plaintiff's elected purchase of an asset in July of 2022—a 2019 Lincoln MKZ. While Plaintiff's self-serving affidavit may assert that her life savings were stolen by bank fraudsters, she presents no evidence whatsoever to support that claim. Similarly, she presents no evidence of her employment status or her assets. The evidence that Plaintiff presents to this Court in opposition to CAB East proposed Bill of Costs is hardly substantial.

Even if this Court finds Plaintiff's evidence convincing, Plaintiff's financial status cannot be grounds deny costs entirely. *See id*. at 1039 ("Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all.").

On a final note, it is worth noting that "when awarding costs, a district court should not consider the relative wealth of the parties," as doing so "would unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.'" *Id*.

Therefore, CAB East humbly submits that this Court grant its costs as the prevailing party in this matter.

Date: December 18, 2024.    Respectfully submitted,

                        */s/ JESSICA M. KENNEDY*_____
                        JESSICA M. KENNEDY, ESQ.
                        Florida Bar No. 0096015
                        MCDONALD TOOLE WIGGINS, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 18, 2024, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Joshua E. Feygin, Esq., Joshua Feygin, PLLC, 1930 Harrision St., Suite 208F, Hollywood, FL 33020, josh@jfeyginesq.com (Attorney for Plaintiff)

                        */s/ JESSICA M. KENNEDY*_____
                        JESSICA M. KENNEDY, ESQ.
                        Florida Bar No. 0096015
                        MCDONALD TOOLE WIGGINS, P.A.
                        111 N. Magnolia Avenue, Suite 1200
                        Orlando, FL  32801
                        Telephone: (407) 246-1800
                        Facsimile: (407) 246-1895
                        jkennedy@mtwlegal.com
                        OwenvFMCC@mtwlegal.com
                        *Attorneys for Defendants, Cab East, LLC*