UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ROSEMARY OWEN**,
  Plaintiff,

v.                    2:23-cv-328-SPC-NPM

**CAB EAST, LLC**,
  Defendant.

## ORDER

  Arguing that this vehicle-lease dispute is subject to a "broad" and "expansive" arbitration provision (Doc. 11 at 7-8), defendant Cab East, LLC obtained, without opposition, an order referring this matter to arbitration. (Doc. 13). Promptly after receiving an arbitration award in its favor (Doc. 21-1), Cab East obtained—again, without opposition—an order confirming the award. (Doc. 24). End of story, right? Well, not so fast. Apparently annoyed by plaintiff counsel's tactics during the arbitration (Doc. 28 at 3; Doc. 28-5 at 7), Cab East then sought to penalize his client—plaintiff Rosemary Owen—by obtaining a fee-and-cost judgment against her. (Docs. 27, 28). To this, plaintiff Owen has unsurprisingly offered resistance.

  Cab East has since relented, mostly. It withdrew its request for attorney's fees (Doc. 36), and it has withdrawn from its proposed bill of costs the arbitration fees explicitly mentioned in the arbitrator's award (Doc. 40 at 3-4). That leaves about $1,500 in process-server and court-reporter fees. But we cannot tax them.

1

Typically, prevailing parties in a federal lawsuit are entitled to an award of taxable costs. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1). But in the arbitration provision, Cab East waived this right. Here's the provision at issue (Doc. 33-1 at 2):

> **READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY**
> **ARBITRATION**
> Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.
> **RIGHTS YOU AND WE AGREE TO GIVE UP**
> If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
> - RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
> - RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
> - BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
> - RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
> - OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT
>
> **RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the ownership interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.
>
> You or we may choose the American Arbitration Association, (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.
>
> Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

As it plainly states, Cab East waived all "rights that are available in a lawsuit" other than the right to enforce an ownership interest in the vehicle, file bankruptcy, seek remedies in a small claims court, or enforce or obtain review of an arbitrator's decision. Thus, Cab East expressly waived any right to tax § 1920 costs via Rule 54.

Otherwise, costs were a matter for the arbitrator to decide.[1] The parties arbitrated with the American Arbitration Association, and the AAA's rules[2] provide

---

[1] The statute underlying Owen's claim contained a cost-shifting provision.

[2] AAA Consumer Arbitration Rules effective September 1, 2014. Available at: https://www.adr.org/rules-forms-and-fees/consumer/ (the parties' arbitration concluded before the AAA's adoption of the current version of its rules for consumer arbitrations).

that the "arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, ***including*** awards of attorney's fees and ***costs***, in accordance with the law(s) that applies to the case." AAA Rule 44 (emphasis added); *see also* AAA Rule 27(c) (the arbitrator may resolve any dispute over who will pay the costs of the written record).[3]

Moreover, any dispute about whether the arbitrator was to resolve any claim for costs was also arbitrable—both by the terms of the arbitration provision and under the AAA's rules of arbitration. The arbitration provision states that the arbitrator will decide claims "regarding the interpretation, scope, or validity of this provision, or ***arbitrability of any issue*** except for class certification." (emphasis added). And AAA Rule 14(a) states: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."

Finally, to the extent that Cab East's efforts to obtain an award of costs might constitute an attempt to modify or correct the arbitrator's award, Cab East has not supplied proper grounds to do so. *See* 9 U.S.C. § 11. And besides, Cab East has already obtained a judgment confirming the award. (Docs. 24, 25).

---

[3] Notably, AAA Rule 27(a) provides that the "party or parties who request the written record shall pay the cost of the [court reporter] service."

Thus, any non-waived claims for costs were to be presented to the arbitrator. Any failure to do so does not supply grounds to seek them here.

**ORDERED** on August 28, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge